**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FIDELITY NATIONAL TITLE | ) | |
| INSURANCE COMPANY, SUCCESSOR | ) | |
| BY-MERGER TO LAWYERS TITLE | ) | |
| INSURANCE CORPORATION | ) | |
| | ) | Case No. 4:10-cv-01890-CEJ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CAPTIVA LAKE INVESTMENTS, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Captiva Lake Investments, L.L.C. (hereinafter "Captiva" or "Defendant"), by and through its undersigned attorneys, and for its Answer, Affirmative Defenses, and Counterclaim to Plaintiff's Complaint states as follows:

**Parties, Jurisdiction & Venue**

1.      Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

(a)      Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1(a) of the Complaint and therefore denies the same.

(b)      Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1(b) of the Complaint and therefore denies the same.

(c)      Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1(c) of the Complaint and therefore denies the same.

2.    Defendant admits the allegations contained in Paragraph 2 of the Complaint. Additionally, while Plaintiff does not allege the citizenship of the members of Captiva, Defendant admits that all members of Captiva are and at all relevant times have been citizens of the State of Missouri.

3.    Defendant admits that Fidelity National Title Insurance Company purports to be the successor-by-merger to Lawyers Title Insurance Corporation, the insurer under the Policy attached to Plaintiff's Complaint as Exhibit "A." Defendant denies all remaining allegations contained in Paragraph 3 of the Complaint. Further in response to Paragraph 3 and the defined term the "Policy," Defendant denies the allegations in Paragraph 3 and all allegations in the Complaint to the extent the defined term fails to include the entire policy and endorsements as part of the defined term and to the extent the allegations are inconsistent with the entire policy.

4.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore denies the same. Further, Defendant denies the allegations to the extent that they are inconsistent with the entire policy.

5.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Complaint and therefore denies the same. Further, Defendant denies the allegations to the extent that they are inconsistent with the entire policy.

6.    Defendant states that, to the extent the allegations contained in Paragraph 6 of the Complaint are inconsistent with the entire policy, they are denied.

7.    Defendant states that Paragraph 7 contains no factual allegations to which a response is required.

8.    Defendant states that it is the insured under the Policy. To the extent that the allegations contained in Paragraph 8 are inconsistent with the entire policy, they are denied.

1658885.7

9.      Defendant denies the "Policy" as defined, and admits the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Defendant states that the entirety of Paragraph 10 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant is without sufficient knowledge or information and therefore denies the allegations of Paragraphs 10, 10(a), 10(b), and 10(c), and admits the allegations in Paragraph 10(d).

11.     Defendant states that the entirety of Paragraph 11 of the Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant admits it is a resident of the Eastern District of Missouri and is without knowledge or information to admit or deny the remaining allegations of Paragraph 11.

## General Allegations

12.     Defendant admits that the Policy was issued near the same time that certain loan documents evidencing a loan or loans from NCB to Majestic Pointe Development Company, L.L.C. were completed.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 12 of the Complaint and therefore denies the same.

13.     Defendant states that the documents referenced are the best evidence and to the extent the allegations are inconsistent with the documents themselves, they are denied.  Further, Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 13 of the Complaint and therefore denies the same.

14.     Defendant states that the documents referenced are the best evidence and to the extent the allegations are inconsistent with the documents themselves, they are denied.  Further,

Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 14 of the Complaint and therefore denies the same.

15.     Defendant states that it is the insured under the Policy.  To the extent the allegations contained in Paragraph 15 are inconsistent with the entire policy, they are denied.

16.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of the Complaint and therefore denies the same.

17.     Defendant admits that an amended deed of trust was executed and recorded. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 17 of the Complaint and therefore denies the same.

18.     Defendant states that the documents referenced are the best evidence and to the extent the allegations are inconsistent with the documents themselves, they are denied.  Further, Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 18 of the Complaint and therefore denies the same.

19.     Defendant states that the documents referenced are the best evidence and to the extent the allegations are inconsistent with the documents themselves, they are denied.  Further, Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Defendant states that the documents referenced are the best evidence and to the extent the allegations are inconsistent with the documents themselves, they are denied.  Further, Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendant states that the entire policy is the best evidence and to the extent the allegations are inconsistent, they are denied.  Further, Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

1658885.7

22.     Defendant states that the entire policy is the best evidence and, to the extent the allegations contained in Paragraph 22 (including subparts (a) and (b)) of the Complaint are inconsistent, they are denied.

23.     Defendant states that the entire policy is the best evidence and, to the extent the allegations contained in Paragraph 23 of the Complaint are inconsistent, they are denied.

24.     Defendant states that the entire policy is the best evidence and, to the extent the allegations contained in Paragraph 24 (including subparts (a) and (b)) of the Complaint are inconsistent, they are denied.

25.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 25 of the Complaint and therefore denies the same.

26.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 26 of the Complaint and therefore denies the same.

27.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 27 of the Complaint and therefore denies the same.

28.     Defendant admits that the Construction Loan Agreement between Majestic Pointe Development Company, L.L.C. and NCB attached to Plaintiff's Complaint as "Exhibit D" is dated March 13, 2006.  Defendant states that, to the extent the remaining allegations contained in Paragraph 28 of the Complaint are inconsistent, they are denied.

29.     Defendant denies the allegations contained in Paragraph 29 to the extent that they call for a legal conclusion and denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 31 of the Complaint and therefore denies the same.

32.     Defendant denies the allegations in Paragraph 32 to the extent they are inconsistent with the entire policy.

33.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 33 of the Complaint and therefore denies the same.

34.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 34 of the Complaint and therefore denies the same.

35.     Defendant admits the existence of a PDE dated January 14, 2008 issued by GLT to NCB.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 35 of the Complaint and therefore denies the same.

36.     Defendant states that, to the extent the allegations contained in Paragraph 36 of the Complaint are inconsistent with the entire policy, they are denied.

37.     Defendant states that, to the extent the allegations contained in Paragraph 37 of the Complaint are inconsistent with the entire policy, they are denied.

38.     Defendant states that, to the extent the allegations contained in Paragraph 38 of the Complaint are inconsistent with the entire policy, they are denied.

39.     Defendant states that, to the extent the allegations contained in Paragraph 39 of the Complaint are inconsistent with the entire policy, they are denied.

40.     Defendant states that, to the extent the allegations contained in Paragraph 40 of the Complaint are inconsistent with the entire policy, they are denied.

41.     Defendant denies the allegations contained in Paragraph 41 (including subparts (a) through (c)) of the Complaint.

1658885.7

42.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 of the Complaint and therefore denies the same.

43.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 of the Complaint and therefore denies the same.

44.     Defendant states that, to the extent the allegations contained in Paragraph 44 of the Complaint are inconsistent with the entire policy, they are denied.

45.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 45 of the Complaint and therefore denies the same.

46.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 of the Complaint and therefore denies the same.

47.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 47 of the Complaint and therefore denies the same.

48.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 48 of the Complaint and therefore denies the same.

49.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 49 of the Complaint and therefore denies the same.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 51 of the Complaint and therefore denies the same.

52.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 52 of the Complaint and therefore denies the same.

53.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 53 of the Complaint and therefore denies the same.

1658885.7

54. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 54 of the Complaint and therefore denies the same. Defendant admits that a copy of the October 24, 2008 PDE is attached.

55. Defendant states that, to the extent the allegations contained in Paragraph 55 of the Complaint are inconsistent with the entire policy, they are denied.

56. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 56 of the Complaint and therefore denies the same.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 60 of the Complaint and therefore denies the same.

61. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 61 of the Complaint and therefore denies the same.

62. Defendant admits that, on July 27, 2009, an "Assignment of Collateral Documents" executed by National City Bank to Captiva, dated July 22, 2009, was recorded in Book 681, at Page 592 et seq. in the official records of the Recorder of Deeds for Camden County, Missouri ("Assignment of Amended Deed of Trust") and that, on July 22, 2009, an "Assignment of Loan and Loan Documents" was executed by National City Bank and Captiva which expressly transferred to Captiva all of National City Bank's interest in "the Title Policies." Defendant denies the remaining allegations contained in Paragraph 62 of Plaintiff's Complaint to the extent they are inconsistent with the documents.

1658885.7

63.     Defendant states that, to the extent the allegations contained in Paragraph 63 of the Complaint are inconsistent with the document referenced therein, they are denied.

64.     Defendant states that, to the extent the allegations contained in Paragraph 64 of the Complaint are inconsistent with the document referenced therein, they are denied.

65.     Defendant states that, to the extent the allegations contained in Paragraph 65 of the Complaint are inconsistent with the document referenced therein, they are denied.

66.     Defendant states that, to the extent the allegations contained in Paragraph 66 of the Complaint are inconsistent with the document referenced therein, they are denied.

67.     Defendant admits it purchased certain documents and rights from NCB and denies the remaining allegations contained in Paragraph 67 of the Complaint.

68.     Defendant admits that some due diligence was conducted and denies the remaining allegations contained in Paragraph 68 of the Complaint.

69.     Defendant states that, to the extent the allegations contained in Paragraph 69 of the Complaint are inconsistent with the document referenced therein, they are denied.

70.     Defendant states that, to the extent the allegations contained in Paragraph 70 of the Complaint are inconsistent with the document referenced therein, they are denied.

71.     Defendant states that, to the extent the allegations contained in Paragraph 71 of the Complaint are inconsistent with the document referenced therein, they are denied.

72.     Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant admits that it was aware of certain liens and denies the remaining allegations contained in Paragraph 73 of the Complaint.

74.     Defendant admits that it was aware of certain liens and denies the remaining allegations contained in Paragraph 74 of the Complaint.

1658885.7

75.     Defendant states that, to the extent the allegations contained in Paragraph 75 of the Complaint are inconsistent with the entire policy, they are denied, and to the extent the allegations call for a legal conclusion, no response is required.

76.     Defendant admits that it tendered claims to Plaintiff which are the best evidence, and Defendant denies the allegations contained in Paragraph 76 of the Complaint to the extent they are inconsistent.

77.     Defendant states that the claims are the best evidence, and Defendant denies the allegations contained in Paragraph 77 of the Complaint to the extent they are inconsistent.

78.     Defendant admits that Plaintiff agreed to provide a defense to certain pending mechanic's lien claims, but stated it reserved the right to "deny coverage based on Exclusions 3(a) and/or 3(b) of the policy, the conditions and stipulations of the policy, and the contractual right of rescission."  Defendant denies any remaining allegations contained in Paragraph 78 of the Complaint.

79.     Defendant admits that it filed suit against Lawyers Title and states that the Complaint in that matter is the best evidence.  Defendant denies the remaining allegations contained in Paragraph 79 of the Complaint.

80.     Defendant states that the lawsuit referenced in Paragraph 79 of the Complaint was removed to this Court and was dismissed without prejudice.  Defendant denies the remaining allegations contained in Paragraph 80 of the Complaint.

81.     Defendant states that Plaintiff's Complaint speaks for itself and is the best evidence of its own contents, and that no response is required to Paragraph 81 of the Complaint. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 81 of the Complaint.

1658885.7

82.     Defendant states that the entirety of Paragraph 82 constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.     Defendant states that the entirety of Paragraph 83 constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant states that the entirety of Paragraph 84 constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.     Defendant states that the entirety of Paragraph 85 constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 85 of the Complaint.

## Count I - Declaratory Judgment

86.     Defendant adopts and incorporates by reference all responses to the allegations contained in Paragraphs 1 through 85 as if fully set forth herein.

87.     Defendant states that the allegations contained in Paragraph 87 of the Complaint call for a legal conclusion to which no response is required.  Defendant denies the remaining allegations of Paragraph 87.

88.     Defendant states that the allegations contained in Paragraph 88 of the Complaint call for a legal conclusion to which no response is required.  Defendant denies the remaining allegations of Paragraph 88.

89.     Defendant states that the allegations contained in Paragraph 89 of the Complaint call for a legal conclusion to which no response is required.  Defendant denies the remaining allegations of Paragraph 89.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint including subparts (a) through (c).

WHEREFORE, Defendant Captiva Lake Investments, L.L.C. respectfully requests that this Court dismiss Count I of Plaintiff's Complaint in its entirety and for such other and further relief as this Court deems just and proper under the circumstances.

## Count II - Declaratory Judgment

91.     Defendant adopts and incorporates by reference all responses to the allegations contained in Paragraphs 1 through 90 as if fully set forth herein.

92.     Defendant states that, to the extent the allegations contained in Paragraph 92 of the Complaint are inconsistent with the entire policy, they are denied.

93.     Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.     Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 96 of the Complaint and therefore denies the same.

97.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 97 of the Complaint and therefore denies the same.

98.     Defendant denies the allegations contained in Paragraph 98 of the Complaint.

1658885.7

WHEREFORE, Defendant Captiva Lake Investments, L.L.C. respectfully requests that this Court dismiss Count II of Plaintiff's Complaint in its entirety and for such other and further relief as this Court deems just and proper under the circumstances.

## Count III – Declaratory Judgment

99.     Defendant adopts and incorporates by reference all responses to the allegations contained in Paragraphs 1 through 98 as if fully set forth herein.

100.    Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.    Defendant states that the record is the best evidence, and Defendant denies the remaining allegations contained in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 103 of the Complaint and therefore denies the same.

104.    Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 104 of the Complaint and therefore denies the same.

105.    Defendant denies the allegations contained in Paragraph 105 of the Complaint.

WHEREFORE, Defendant Captiva Lake Investments, L.L.C. respectfully requests that this Court dismiss Count III of Plaintiff's Complaint in its entirety and for such other and further relief as this Court deems just and proper under the circumstances.

## Count IV – Declaratory Judgment

106.    Defendant adopts and incorporates by reference all responses to the allegations contained in Paragraphs 1 through 105 as if fully set forth herein.

107.    Defendant denies the allegations contained in Paragraph 107 of the Complaint.

1658885.7

108.     Defendant denies the allegations contained in Paragraph 108 (including all subparts thereto) of the Complaint.

109.     Defendant states that the entire policy speaks for itself and is the best evidence, and Defendant denies the remaining allegations contained in Paragraph 109 of the Complaint.

110.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 110 of the Complaint and therefore denies the same.

111.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 111 of the Complaint and therefore denies the same.

112.     Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 113 of the Complaint and therefore denies the same.

114.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 114 of the Complaint and therefore denies the same.

115.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 115 of the Complaint and therefore denies the same.

116.     Defendant denies the allegations contained in Paragraph 116 of the Complaint.

WHEREFORE, Defendant Captiva Lake Investments, L.L.C. respectfully requests that this Court dismiss Count IV of Plaintiff's Complaint in its entirety and for such other and further relief as this Court deems just and proper under the circumstances.

## <u>AFFIRMATIVE DEFENSES</u>

Further answering and in defense, Defendant states as follows:

1.     Counts I through IV of Plaintiff's Complaint fail to state a claim upon which relief can be granted.

1658885.7

2.     Counts I through IV of Plaintiff's Complaint are barred by the Doctrine of Equitable Estoppel.

3.     Counts I through IV of Plaintiff's Complaint are barred by the Doctrine of Unclean Hands.

4.     The relief requested in the Complaint is barred by the Doctrine of Laches due to Plaintiff's unreasonable and prejudicial delay in asserting its purported position that it is not required to insure Defendant for losses related to either the litigation involving the pending mechanic's liens or unmarketability of title of the insured parcel.

5.     Defendant reserves the right to respond and/or assert additional affirmative defenses as they become evident through discovery or investigation.

6.     To the extent any allegation is not specifically admitted herein, the allegations in Plaintiff's Complaint are denied.

## DEFENDANT CAPTIVA LAKE INVESTMENTS, L.L.C.'S COUNTERCLAIM AGAINST PLAINTIFF FIDELITY NATIONAL TITLE INSURANCE COMPANY

### FACTS APPLICABLE TO ALL COUNTS

**Parties and Jurisdiction**

1.     Defendant/Counter-Plaintiff Captiva Lake Investments, L.L.C. ("Captiva") is a limited liability company organized and existing in good standing under the laws of the State of Missouri. All of the members of Captiva are citizens of the State of Missouri.

2.     Plaintiff/Counter-Defendant Fidelity National Title Insurance Company f/k/a Lawyers Title Insurance Corporation ("Lawyers Title") is a California corporation registered with and recognized by the State of Missouri as a foreign insurance company.

3.     The amount in controversy based on this counterclaim exceeds $75,000.00.

4.    This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a).

5.    This Court also has jurisdiction over this counterclaim pursuant to 28 U.S.C. §1332 because the parties meet the diversity of citizenship requirement and the amount in controversy exceeds $75,000.00.

**Captiva's Ownership of Subject Property**

6.    By reason of a "Trustee's Deed (under Foreclosure)" executed on September 1, 2009 and subsequently recorded in Book 684, at Page 912 et seq. of the official records of the Recorder of Deeds for Camden County, Missouri, Captiva is the record owner of certain land, and improvements thereon, situated in Camden County, Missouri, commonly known as parts of the "Majestic Pointe Condominium Subdivision" ("Subject Property"). The Subject Property is more fully described in Exhibit 1, which is attached hereto and incorporated herein by this reference.

**Prior Ownership of the Subject Property**

7.    At all times material hereto prior to September 1, 2009, the record owner of the Subject Property was Majestic Pointe Development Company, LLC, a Missouri limited liability company.

**National City Bank Loan**

8.    On or about March 13, 2006, Majestic Pointe Development Company, LLC. borrowed $21,280,000.00 from National City Bank of the Midwest.

9.    On March 15, 2006, a Deed of Trust executed by Majestic Pointe Development Company, LLC in favor of National City Bank of the Midwest, dated March 13, 2006, in the

amount of $21,280,000.00 was recorded in Book 258, at Page 310 <u>et seq</u>. in the official records of the Recorder of Deeds for Camden County, Missouri ("Deed of Trust").

10.    On March 15, 2006, an Assignment of Rents, dated March 13, 2006, executed by Majestic Pointe Development Company, LLC to National City Bank of the Midwest, was recorded in Book 620, at Page 748 <u>et seq</u>. in the official records of the Recorder of Deeds for Camden County, Missouri ("Assignment of Rents").

**<u>Loan Policy of Title Insurance</u>**

11.    On or about March 15, 2006, Lawyers Title Insurance Corporation issued a Loan Policy of Title Insurance to National City Bank of the Midwest, which was designated Policy No. G52-0582755.  This policy and all endorsements thereto shall hereinafter be referred to as the "Title Insurance Loan Policy."  A true and accurate copy of said Title Insurance Loan Policy is attached hereto as <u>Exhibit 1</u> and is incorporated herein by this reference.

12.    The Title Insurance Loan Policy, at page one, identifies the party being insured as "National City Bank of the Midwest <u>and its successors and/or assigns as their interests may appear</u>." (emphasis added)

13.    The Title Insurance Loan Policy, at page one, further identifies the Deed of Trust as the "insured mortgage," and the Subject Property as the "land referred to in this policy."

14.    On March 13, 2006, counsel for National City Bank of the Midwest sent a letter to Guaranty Land Title Insurance, Inc. instructing it not to disburse any of the funds or record any of the enclosed title insurance documents unless certain instructions were complied with.  A true and accurate copy of this letter is attached hereto as <u>Exhibit 2</u> and is incorporated by reference herein.

15. In Paragraph 5 of the letter attached hereto as <u>Exhibit 2</u>, it is instructed that "[t]he Lender's Title Policy shall not have an exception for mechanic's liens."

**<u>Loan Policy of Title Insurance Endorsements</u>**

16. Subsequent to March 15, 2006, endorsements were issued on several occasions, including: August 18, 2006, October 12, 2006, December 28, 2006, February 28, 2007, May 2, 2007, June 8, 2007, June 29, 2007, July 20, 2007, August 23, 2007, September 20, 2007, October 3, 2007, October 29, 2007, December 14, 2007, January 14, 2008, and October 24, 2008. See <u>Exhibit 1</u> attached hereto and incorporated herein by reference.

17. The October 3, 2007 Modification Endorsement increased the "loan insurance amount" from $21,280,000.00 to $22,380,000.00. See <u>Exhibit 1</u> attached hereto and incorporated herein by reference.

**<u>Amendment to Deed of Trust</u>**

18. On October 25, 2007, a "First Amendment to Construction Deed of Trust, Security Agreement, Assignment of Leases and Rents" executed by Majestic Pointe Development Company, LLC in favor of National City Bank, the successor-in-interest to National City Bank of the Midwest, dated October 24, 2007, was recorded in Book 653, at Page 188 <u>et seq</u>. in the official records of the Recorder of Deeds for Camden County, Missouri ("Amended Deed of Trust").

**<u>Assignment of Amended Deed of Trust to Defendant/Counter-Plaintiff</u>**

19. On July 27, 2009, an "Assignment of Collateral Documents" executed by National City Bank to Captiva, dated July 22, 2009, was recorded in Book 681, at Page 592 <u>et seq</u>. in the official records of the Recorder of Deeds for Camden County, Missouri ("Assignment of Amended Deed of Trust").

1658885.7

**Assignment of Loan Policy of Title Insurance to Defendant/Counter-Plaintiff**

20.     On July 22, 2009, an "Assignment of Loan and Loan Documents" was executed by National City Bank and Captiva which expressly transferred to Captiva all of National City Bank's interest in "the Title Policies". A copy of said "Assignment of Loan and Loan Documents" is attached hereto, labeled <u>Exhibit 3</u>, and is incorporated herein by this reference.

21.     Captiva made a claim on the Title Insurance Loan Policy by means of a letter dated July 29, 2009. A copy of the claim letter is attached hereto as <u>Exhibit 4</u> and is incorporated herein by this reference.

22.     In the July 29, 2009 letter, Captiva demanded that Lawyers Title indemnify it from any loss or damage arising from mechanic's liens on the Subject Property and that it provide a defense to any mechanic's lien suits relating to the Subject Property.

23.     By letter dated October 1, 2009, Lawyers Title agreed to provide a defense to the pending mechanic's lien claims, but stated that it reserved the right "to deny coverage based on Exclusions 3(a) and/or 3(b) of the policy, the conditions and stipulations of the policy, and the contractual right of rescission." A true and correct copy of the October 1, 2009 letter is attached hereto as <u>Exhibit 5</u> and is incorporated herein by reference.

24.     In its October 1, 2009 letter, attached hereto as <u>Exhibit 5</u>, Lawyers Title notified Captiva that it had retained William Sauerwein of Sauerwein Simon & Blanchard, P.C. as counsel for Captiva in regard to the mechanic's lien claims and would pay counsel's fees for Captiva. The letter stated that "Mr. Sauerwein's firm will defend the insured in that action and has all attendant fiduciary duties related to such representation, including the attorney-client privilege. Lawyers will request that it be informed of developments in the litigation subject to the duties owed to the insured."

1658885.7

25. In its October 1, 2009 letter, attached hereto as <u>Exhibit 5</u>, Lawyers Title also stated that if it eventually declined coverage, it would require Captiva to reimburse Lawyers Title for attorney's fees paid to the Sauerwein firm.

26. Following its October 1, 2009 letter, Lawyers Title failed to provide coverage for Captiva as required by the Title Insurance Loan Policy, despite repeated requests from Captiva that it do so.

27. On April 9, 2010, Captiva filed a declaratory judgment action in the Circuit Court for St. Louis County, State of Missouri that was predicated on Lawyers Title's failure to comply with 20 CSR 100-1.050. This action was captioned *Captiva Lake Investments LLC v. Lawyers Title Insurance Corporation*, Cause No. 10SL-CC01363. Lawyers Title secured the removal of this cause to the United States District Court for the Eastern District of Missouri and the cause was later dismissed without prejudice.

28. During the week of July 19, 2010, Lawyers Title received an opinion from outside counsel concerning the availability of coverage under the Title Insurance Loan Policy. Despite receiving this opinion, Lawyers Title continued to refuse to acknowledge coverage for Captiva under the Title Insurance Loan Policy.

29. On August 3, 2010, Captiva sent a letter to Lawyers Title making a claim under Item 3 of the Title Insurance Loan Policy which provides coverage for loss or damage to the insured by reason of "unmarketability of title." The August 3, 2010 claim letter is attached hereto as <u>Exhibit 6</u> and is incorporated herein by reference.

30. The August 3, 2010 claim letter informed Lawyers Title that Captiva had attempted to sell the Subject Property in November, 2009 and that the sale agreement had been

terminated after the purchaser learned about the existence of the mechanic's liens and due to the fact that Lawyers Title refused to insure over the liens.

31.     On or about September 16, 2010, Captiva informed Lawyers Title that Captiva had suffered losses of at least $1,300,000.00 stemming from the termination of the November, 2009 sale agreement and the unmarketability of the Subject Property.

32.     In the September 16, 2010 letter, Captiva provided information showing that Captiva could not obtain bank financing secured by the Subject Property because of the mechanic's liens and the failure of Lawyers Title to acknowledge coverage under the Title Insurance Loan Policy.

33.     On October 7, 2010, over fourteen months after Captiva had first filed its claim under the Title Insurance Loan Policy, Lawyers Title filed the instant action.

34.     During the period between July 29, 2009 and September 16, 2010, Captiva suffered at least $3,940,375.00 in damages attributable to the unjustified failure of Lawyers Title to meet its obligations under the Title Insurance Loan Policy.

35.     At present, Captiva estimates that there are mechanic's lien claims outstanding in the amount of $2,416,205.00.

## COUNT I - Declaratory Judgment

36.     Defendant adopts and incorporates by reference all allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

37.     Captiva has made claims requesting indemnity and defense under the Title Insurance Loan Policy for the mechanic's lien claims on the Subject Property.

38.     Captiva has made claims requesting indemnity under the Title Insurance Loan Policy for damages arising from the unmarketability of the title to the Subject Property.

1658885.7

39. In filing the instant action, Lawyers Title has asserted that it is not obligated under the Title Insurance Loan Policy to either indemnify or defend Captiva with respect to the mechanic's lien claims filed on the Subject Property.

40. By denying coverage under the Title Insurance Loan Policy for the mechanic's lien claims and by refusing to issue coverage insuring over such claims, Lawyers Title is denying responsibility for the unmarketability of the title of the Subject Property arising from the mechanic's lien claims and the inability to obtain financing or to market the Subject Property.

41. A real, existing, and justiciable controversy exists between Captiva and Lawyers Title concerning coverage under the Title Insurance Loan Policy with respect to the mechanic's lien claims.

42. A real, existing, and justiciable controversy exists between Captiva and Lawyers Title concerning coverage under the Title Insurance Loan Policy for the unmarketability of the title to the Subject Property.

43. Captiva has no adequate remedy at law for securing Lawyers Title's acknowledgement that it is obligated under the terms of the Title Insurance Loan Policy to defend or indemnify against the mechanic's lien claims and to indemnify Captiva for the damages it has suffered due to the unmarketability of the title to the Subject Property.

WHEREFORE, for all the foregoing reasons, Defendant/Counter-Plaintiff Captiva Lake Investments, L.L.C. prays for a judgment from this Court:

A. Declaring the respective rights and obligations of the parties under the Title Insurance Loan Policy with respect to Captiva's claims of July 1, 2009 and August 3, 2010;

B. Declaring that Lawyers Title is obligated under the terms of the Title Insurance Loan Policy to defend or indemnify Captiva with respect to the mechanic's liens;

C. Declaring that Lawyers Title is obligated under the terms of the Title Insurance Loan Policy to indemnify Captiva for the damages it has incurred due to the unmarketability of the title to the Subject Property;

D. Awarding Captiva its costs and reasonable attorney's fees; and

E. Providing such other and further relief as this Court deems just and proper.

## COUNT II - Breach of Contract--Failure to Defend

44. Defendant adopts and incorporates by reference all allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

45. Under the terms of the Title Insurance Loan Policy, Lawyers Title was required to defend or indemnify Captiva with respect to the mechanic's liens.

46. While Lawyers Title stated in the October 1, 2009 letter that it was providing a defense to the mechanic's liens, it failed to provide Captiva with an adequate defense, and the defense represented in its October 1, 2009 letter, by interfering with the attorney-client relationship Lawyers Title represented would be provided by the Sauerwein firm.

47. Rather than provide counsel with ethical and fiduciary obligations owed to and as represented to Captiva in the October 1, 2009 letter, Lawyers Title interfered with the attorney-client relationship with the Sauerwein firm, including instructing the firm to withhold documents and information from Captiva necessary to fully inform Captiva of the defense being provided.

48. The Sauerwein firm followed the directions of Lawyers Title over those of Captiva and withheld documents and information from Captiva relating to the Sauerwein firm's representation of Captiva with respect to the mechanic's liens.

1658885.7

49.     By failing to provide counsel meeting professional duties owed to Captiva and by interfering with Captiva's attorney-client relationship with the Sauerwein firm, Lawyers Title breached its obligation to defend Captiva.

50.     Captiva has been damaged and continues to be damaged by Lawyers Title's breach of its obligation under the Title Insurance Loan Policy to provide a defense to the mechanic's liens.

51.     Captiva is also entitled to additional damages pursuant to Section 375.296 R.S.Mo. for Lawyers Title's vexatious refusal to provide coverage/indemnity for the mechanic's liens.

WHEREFORE, for all the foregoing reasons, Defendant/Counter-Plaintiff Captiva Lake Investments, L.L.C. prays that this Court enter judgment in its favor and against Lawyers Title providing an amount of damages to be determined by a jury at trial and providing such other and further relief to Captiva as this Court deems just and proper.

## COUNT III - Tortious Interference

52.     Defendant adopts and incorporates by reference all allegations contained in Paragraphs 1 through 33 and 46 through 51 as if fully set forth herein.

53.     Captiva had a legitimate commercial expectancy under the terms of the Title Insurance Loan Policy and pursuant to the statements made in the October 1, 2009 letter sent by Lawyers Title that it would have representation by the Sauerwein firm with respect to the mechanic's liens which would provide all attendant fiduciary duties related to the representation, including the attorney-client privilege.

54.     Lawyers Title, without justification, tortiously interfered with Captiva's expectancy by interfering with representation and Captiva's attorney-client relationship with the

Sauerwein firm and by directing the Sauerwein firm to take actions inconsistent with those rights, including withholding documents and information from Captiva, even the entire client file.

55.     Captiva has been damaged and continues to be damaged by Lawyers Title's unjustified interference in its commercial relationship with the Sauerwein firm.

56.     Lawyers Title's tortious interference with Captiva's expectancy was willful and wanton and in reckless disregard of the rights of Captiva, entitling it to punitive damages.

WHEREFORE, for all the foregoing reasons, Defendant/Counter-Plaintiff Captiva Lake Investments, L.L.C. prays for judgment in its favor and against Lawyers Title providing damages in an amount to be determined by a jury at trial, including punitive damages, awarding Captiva its costs, and providing such other and further relief as this Court deems just and proper.

## COUNT IV - Breach of Contract--Failure to Indemnify

57.     Defendant adopts and incorporates by reference all allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

58.     Under the terms of the Title Insurance Loan Policy, Lawyers Title was required to indemnify Captiva for damages arising from the unmarketability of the Subject Property due to the existence of the mechanic's liens and the failure of Lawyers Title to provide a proper defense or indemnity.

59.     Lawyers Title breached the Title Insurance Loan Policy by failing to indemnify Captiva for damages it has suffered and continues to suffer due to the unmarketability of the title of the Subject Property.

60.     Captiva has been damaged by Lawyers Title's breach of its obligations to provide indemnity under the Title Insurance Loan Policy.

61. Captiva is also entitled to additional damages pursuant to Section 375.296 R.S.Mo. for Lawyers Title's vexatious refusal to provide indemnity for damages arising from the unmarketability of the title of the Subject Property.

WHEREFORE, for all the foregoing reasons, Defendant/Counter-Plaintiff Captiva Lake Investments, L.L.C. prays for a judgment in its favor and against Lawyers Title providing damages in an amount to be determined by a jury at trial, awarding Captiva its costs, and providing such other and further relief as this Court deems just and proper.

JURY TRIAL DEMANDED.

LEWIS, RICE & FINGERSH, L.C.

By:    /s/Richard A. Wunderlich
Richard A. Wunderlich, #27979
Evan Z. Reid, #93822
600 Washington Ave., Suite 2500
St. Louis, MO 63101
Telephone: 314-444-7600
Facsimile: 314-612-1308
rwunderlich@lewisrice.com
ereid@lewisrice.com

Attorneys for Defendant

1658885.7

## Certificate of Service

The undersigned certifies that a true and complete copy of the foregoing Defendant's Answer, Affirmative Defenses, and Counterclaim to Plaintiff's Complaint was served the 3rd day of December, 2010 via the Court's ECF system upon all counsel of record.

/s/Richard A. Wunderlich
Richard A. Wunderlich

1658885.7