

# Lawyers Title
# Insurance Corporation
A LANDAMERICA COMPANY

Total Charge: $1,000.00

Risk Rate: $4.00

**SCHEDULE A**                    **LOAN POLICY**

| CASE NUMBER | DATE OF POLICY | LOAN INSURANCE | OWNER'S INSURANCE | POLICY NUMBER |
|---|---|---|---|---|
| L0511106 | 3/15/06 | $21,280,000.00 | $21,800,000.00 | LOAN: G52-0582755 |
|  |  |  |  | OWNER'S: A82-0359972 |

1. Name of Insured:

   **NATIONAL CITY BANK OF THE MIDWEST and its successors and/or assigns as their interests may appear.**

2. Title to the estate or interest in the land is vested in:

   **MAJESTIC POINTE DEVELOPMENT COMPANY, L.L.C., A MISSOURI LIMITED LIABILITY COMPANY**

3. The estate or interest in the land which is encumbered by the insured Deed of Trust is:

   **FEE SIMPLE**

4. The Insured Mortgage and assignments thereof, if any, are described as follows:

   Deed of Trust executed by **MAJESTIC POINTE DEVELOPMENT COMPANY, L.L.C., A MISSOURI LIMITED LIABILITY COMPANY** in favor of NATIONAL CITY BANK OF THE MIDWEST, dated **March 13, 2006**, in the amount of **$21,280,000.00**, recorded in Book **258** at Page **310**, date recorded **March 15, 2006**, in the Records of the County of **Camden**, State of Missouri.

5. The land referred to in this policy is described as follows:

   **SEE EXHIBIT A ATTACHED HERETO**

**ORIGINAL**             Valid only if Schedule A and Cover are attached

# EXHIBIT A

## Legal Description

All of Lot 27 of Shawnee Bend No. 2, a subdivision in Camden County, Missouri, according to the plat thereof on file at Plat Book 3, Page 58 in the Office of the Recorder of Deeds, Camden County, Missouri.

All of MAJESTIC POINTE CONDOMINIUM SUBDIVISION, a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 81, Page 12, in the Camden County Recorder's Office.

EXCEPTING THEREFROM:

All of Unit Nos. 2-A, 2-B, and 4-A of "MAJESTIC POINTE CONDOMINIUM ,BUILDING 5, FIRST ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 83, Page 15 A-C, in the Camden County Recorder's Office.

FURTHER EXCEPTING THEREFROM:

All of Unit Nos. 3-A, 3-B, 4-B, 4-C, and 2-D of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, FIRST ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 84, Page 19A-D, in the Camden County Recorder's Office.

FURTHER EXCEPTING THEREFROM:

All of Unit Nos. 2-C, 3-D, and 4-D of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, SECOND ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 85, Page 25, in the Camden County Recorder's Office.

FURTHER EXCEPTING THEREFROM:

All of Unit No 3-C of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, THIRD ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 87, Page 44A-B, in the Camden County Recorder's Office.

FURTHER EXCEPTING THEREFROM:

All of Unit No 1-F of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, FIFTH ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 91, Page 33A-B, in the Camden County Recorder's Office.

FURTHER EXCEPTING THEREFROM:

All of Unit No 2-F of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, FOURTH ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 90, Page 22A-B, in the Camden County Recorder's Office.

    Valid only if Schedule A and Cover are attached

FURTHER EXCEPTING THEREFROM:

A tract of land being a part of Lot 4, MAJESTIC POINTE SUBDIVISION, 2nd AMENDED PLAT, a subdivision of record in Camden County, Missouri, according to the plat of Majestic Pointe Subdivision, 2nd Amended Plat filed of record at Plat Book 84, Pages 21A and 21B at the Camden County Recorder's Office more particularly described as follows: Beginning at the northwesterly corner of Lot 5, adjacent to Lot 4 and the easterly right-of-way of a 30 ft. right-of-way as shown on the plat of said subdivision, thence South 81 degrees 08 minutes 38 seconds East, along the southerly line of Lot 4, 52.66 feet, to the TRUE POINT OF BEGINNING; thence continuing South 81 degrees 08 minutes 38 seconds East, 120.77 feet to a point near the shoreline of the Lake of the Ozarks; thence along said shoreline the following courses: thence North 14 degrees 14 minutes 00 seconds East, 12.16 feet; thence North 10 degrees 18 minutes 46 seconds East, 25.91 feet; thence leaving said shoreline, North 82 degrees 18 minutes 58 seconds West, 122.60 feet; thence South 08 degrees 51 minutes 22 seconds West, 35.50 feet to the TRUE POINT OF BEGINNING.

SAVE AND EXCEPT:

All of Unit No. 4E of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, SEVENTH ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 93, Page 44, in the Camden County Recorder's Office.

SAVE AND EXCEPT:

All of Unit No. 3E of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, EIGHTH ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 94, Page 4, in the Camden County Recorder's Office.

SAVE AND EXCEPT: All of Unit No. 1A of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, NINTH ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 96, Page 25, in the Camden County Recorder's Office.

INSURED EASEMENT PARCEL

A tract of land being a part of Lot 4, MAJESTIC POINTE SUBDIVISION, 2nd AMENDED PLAT, a subdivision of record in Camden County, Missouri, according to the plat of Majestic Pointe Subdivision, 2nd Amended Plat filed of record at Plat Book 84, Pages 21A and 21B at the Camden County Recorder's Office more particularly described as follows: Beginning at the northwesterly corner of Lot 5, adjacent to Lot 4 and the easterly right-of-way of a 30 ft. right-of-way as shown on the plat of said subdivision, thence South 81 degrees 08 minutes 38 seconds East, along the southerly line of Lot 4, 52.66 feet, to the TRUE POINT OF BEGINNING; thence continuing South 81 degrees 08 minutes 38 seconds East, 120.77 feet to a point near the shoreline of the Lake of the Ozarks; thence along said shoreline the following courses: thence North 14 degrees 14 minutes 00 seconds East, 12.16 feet; thence North 10 degrees 18 minutes 46 seconds East, 25.91 feet; thence leaving said shoreline, North 82 degrees 18 minutes 58 seconds West, 122.60 feet; thence South 08 degrees 51 minutes 22 seconds West, 35.50 feet to the TRUE POINT OF BEGINNING.

Agent: Guaranty Land Title Insurance, Inc.

Countersigned

Authorized Officer or Agent

Valid only if Schedule A and Cover are attached



*Lawyers Title Insurance Corporation is a member of the LandAmerica family of title insurance underwriters.*

THE POLICY NUMBER(S) SHOWN ON THIS SCHEDULE MUST AGREE WITH THE PREPRINTED NUMBER(S) ON THE COVER(S)

## SCHEDULE B

### PART I

### EXCEPTIONS FROM COVERAGE

This Policy does not insure against loss or damage (and the company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  All general taxes due and payable in the year 2006 and thereafter, and any special assessments becoming a lien after the date hereof, and any and all charges, fees or assessments which may be due from any fire, water, levee, electric or sewer district or cooperative and any Home Owners Association in which subject property may be situated, there are none now due and payable

2.  **BUILDING SET BACK LINES and EASEMENTS as per Shawnee Bend No. 2 recorded in Plat Book 3, Page 58, Camden County Missouri Records.**

3.  **BUILDING SET BACK LINES and EASEMENTS as per MAJESTIC POINTE CONDOMINIUM SUBDIVSION are recorded in Plat Book 81, Page 12, and also that plat of MAJESTIC POINTE SUBDIVSION 1ST AMENDED PLAT recorded in Plat Book 83, Page 14 and also MAJESTIC POINTE SUBDIVSION, 2ND AMENDED PLAT, recorded in Plat Book 84, Page 21 and also MAJESTIC POINTE CONDOMINIUM, BUILDING 5 recorded in Plat Book 83, Page 15 and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 FIRST ADDITION, recorded in Plat Book 84, Page 19 and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 SECOND ADDITION recorded in Plat Book 85, Page 25 and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 THIRD ADDITION recorded in Plat Book 87, Page 44 and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 FOURTH ADDITION recorded in Plat Book 90, Page 22 and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 FIFTH ADDITION recorded in Plat Book 91, Page 33, and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 SIXTH ADDITION recorded in Plat Book 92, Page 9, and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 SEVENTH ADDITION recorded in Plat Book 93, Page 44, and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 EIGHTH ADDITION recorded in Plat Book 94, Page 4, and also MAJESTIC POINTE CONDOMINIUM BUILDING 5, NINTH ADDITION recorded in Plat Book 96, Page 25, Camden County Records.**

4.  **RESTRICTIVE COVENANTS and easements according to the DECLARATION OF RESTRICTIONS FOR MAJESTIC POINTE SUBDIVISION recorded in Book 578, Page 663 and also MAJESTIC POINTE CONDOMINIUM DECLARATION recorded in Book 578, Page 664 and also FIRST SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 583, Page 349 and also SECOND SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM record in Book 586, Page 125 and also THIRD SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 600, Page 493 and also FOURTH SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 600, Page 707 and also FIFTH SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 604, Page 761 and also SIXTH SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 606, Page 641 and also SEVENTH SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 610, Page 829 and EIGHTH SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 611, Page 555, NINTH SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 618, Page 301, Camden County Records. Said restrictions and covenants contain no reversionary clause and violation would not result in forfeiture.**

5.  Restrictions, reservations, conditions and easements according to instruments recorded in Book 98, Page 330, Book 98, Page 377 and Book 113, Page 581, Camden County, Missouri Records.

6.  Easement to Union Electric recorded in Book 59, Page 306, Book 63, Page 162, and in Book 75, Page 633 Camden County, Missouri Records.



THE POLICY NUMBER(S) SHOWN ON THIS
SCHEDULE MUST AGREE WITH THE
PREPRINTED NUMBER(S) ON THE
COVER(S)

## SCHEDULE B

### PART I

#### EXCEPTIONS FROM COVERAGE

7. Subject to the Right-of-way easement granted to Co-Mo Electric Cooperative, Inc. as recorded at Book 567, Page 183 , Camden County, Missouri Records.

8. Subject to the Right-of-way granted to Camden County according to instrument recorded in Book 121, Page 620, Camden County Records.

9. Limitations and conditions imposed by the Condominium Property Act as contained in Chapter 48, Missouri Revised Statutes.

10. Limitations and provisions imposed by the Missouri Uniform Condominium Act, Chapter 448, RSMo (1983).

11. Subject to the Camden County Unified Land use Code filed in Book 583, Page 829, recorded June 1, 2004, in the Camden County Recorder's Office.

12. Subject to BOARD OF ADJUSTMENT - RECORD OF DECISION, filed in Book 617, Page 427, Camden County, Missouri Records.

13. Non-exclusive Roadway Easement for ingress, egress and installation of utilities granted to MAJESTIC POINTE MASTER ASSOCIATION, INC., recorded in Book 620, Page 746, Camden County, Missouri Records.

14. Collateral Assignment of Rights Under Condominium Declaration dated March 13, 2006, recorded March 15, 2006 at Book 620, Page 749, Camden County, Missouri Records.

15. Grant of Easement for Boat Dock Purposes recorded in Book 620, Page 743, Camden County, Missouri Records.

16. Grant of Easement for Sewer and Water Distribution recorded in Book 620, Page 744, Camden County, Missouri Records.

SUBJECT TO:

Assignment of Leases and Rents dated March 13, 2006, executed by MAJESTIC POINTE DEVELOPMENT COMPANY, LLC, A MISSOURI LIMITED LIABILITY COMPANY to NATIONAL CITY BANK OF THE MIDWEST, recorded March 15, 2006 at Book 620, Page 748, Camden County, Missouri Records given as additional security for the indebtedness described in the insured Deed of Trust.

Valid only if Schedule A and Cover are attached

THE POLICY NUMBER(S) SHOWN ON THIS
SCHEDULE MUST AGREE WITH THE
PREPRINTED NUMBER(S) ON THE
COVER(S)

| POLICY NUMBER |
| --- |
| LOAN G52-0582755 |
| OWNERS: A82-0359972 |

## SCHEDULE B

### PART II

In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that these matters are subordinate to the lien or charge of the insured Deed of Trust upon the estate or interest:

**None**

CERTIFIED TO BE A TRUE AND
EXACT COPY OF THE ORIGINAL

# LOAN POLICY OF TITLE INSURANCE

## Issued by **Lawyers Title Insurance Corporation**


**LandAmerica
Lawyers Title**

*Lawyers Title Insurance Corporation is a member of the
LandAmerica family of title insurance underwriters.*

**POLICY NUMBER**

**G52-0582755**

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, LAWYERS TITLE INSURANCE CORPORATION, a Virginia corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land;
5. The invalidity or unenforceability of the lien of the insured mortgage upon the title;
6. The priority of any lien or encumbrance over the lien of the insured mortgage;
7. Lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material:
   (a) arising from an improvement or work related to the land which is contracted for or commenced prior to Date of Policy; or (b) arising from an improvement or work related to the land which is contracted for or commenced subsequent to Date of Policy and which is financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance;
8. The invalidity or unenforceability of any assignment of the insured mortgage, provided the assignment is shown in Schedule A, or the failure of the assignment shown in Schedule A to vest title to the insured mortgage in the named insured assignee free and clear of all liens.
   The Company will also pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

**LAWYERS TITLE INSURANCE CORPORATION**

Attest:

*Secretary*

SEAL
1925
RICHMOND, VA.

By:

*President*

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy. (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters:
   (a) created, suffered, assumed or agreed to by the insured claimant; (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy; (c) resulting in no loss or damage to the insured claimant; (d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material); or (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage.
4. Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws of the state in which the land is situated.
5. Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6. Any statutory lien for services, labor or materials (or the claim of priority of any statutory lien for services, labor or materials over the lien of the insured mortgage) arising from an improvement or work related to the land which is contracted for and commenced subsequent to Date of Policy and is not financed in whole or in part by proceeds of the indebtedness secured by the insured mortgage which at Date of Policy the insured has advanced or is obligated to advance.
7. Any claim, which arises out of the transaction creating the interest of the mortgagee insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
   (a) the transaction creating the interest of the insured mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the subordination of the interest of the insured mortgagee as a result of the application of the doctrine of equitable subordination; or
   (c) the transaction creating the interest of the insured mortgagee being deemed a preferential transfer except where the preferential transfer results from the failure:
      (i)  to timely record the instrument of transfer; or
      (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

ALTA Loan Policy (10/17/92)
(Modified: Arbitration Deleted)

# ALTA ENDORSEMENT – FORM 21 – CREDITORS' RIGHTS

Issued by **Lawyers Title Insurance Corporation**

 **LandAmerica Lawyers Title**

*Lawyers Title Insurance Corporation is a member of the LandAmerica family of title insurance underwriters.*

Attached to and made a part of Policy No.: G52–0582755

The Company insures against loss or damage sustained by the insured by reason of the avoidance in whole or in part, or a court order providing some other remedy, based on the voidability of any estate, interest, or mortgage shown in Schedule A because of the occurrence on or before Date of Policy of a fraudulent transfer or a preference under federal bankruptcy, state insolvency or similar creditors' rights laws.

The coverage provided by this endorsement shall include the payment of costs, attorneys' fees and expenses necessary to defend the insured against those counts, and no others, of any litigation seeking a court order which will result in loss or damage against which this endorsement provides insurance to the extent provided in the Conditions and Stipulations.

This endorsement does not insure against loss or damage if the insured: (a) knew when it acquired any estate, interest, or mortgage shown in Schedule A that the transfer, conveyance, or mortgage was intended to hinder, delay, or defraud any creditor; or (b) is found by a court not to be a transferee or purchaser in good faith.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

LAWYERS TITLE INSURANCE CORPORATION

Dated: 03/15/06

By: _Theodore L Chandler_
President

Countersigned: LANDCHOICE CO. LLC.

Attest: _Jh D Web_
Secretary

By: _____
Authorized Officer or Agent

(SEAL — TITLE INSURANCE CORPORATION 1925 RICHMOND, VA)

End. – ALTA Form 21 – Creditors' Rights– DTIRB-41 (3/1/06)
**Form 5555-21L**

**ORIGINAL**

NJRB 5-85
Effective 1/25/05





CERTIFIED TO BE A TRUE AND EXACT COPY OF THE ORIGINAL

File No.: **L0511106**

Attached to and made a part of Policy No.: G52-0592755

The said Commitment/Policy is hereby amended in the following manner:

    1. Schedule A, Item Number 3 is hereby amended to read:

        **FEE SIMPLE, AS TO EXHIBIT A EXCEPTING THEREFROM INSURED EASEMENT PARCEL**

        **AND**

        **EASEMENT, AS TO INSURED EASEMENT PARCEL**

    2. Schedule A, Item Number 5 Exhibit A is hereby amended to add:

        **FURTHER EXCEPTING THEREFROM:**

        **All of Unit No. 2-E, 3-F, and 4-F of "MAJESTIC POINTE CONDOMINUM, BUILDING 5 SIXTH ADDTION" a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 92, Page 9, in the Camden County Recorder's Office.**

    3. Schedule B, Part I, SUBJECT TO: is hereby deleted from Schedule B, Part I and added to Schedule B, Part II as item number 1 to read as follows:

    Schedule B, Part II, Item No. 2

    Assignments of Leases and Rents dated March 13, 2006 executed by MAJESTIC POINTE DEVELOPMENT COMPANY, LLC, A Missouri Limited Liability Company, to NATIONAL CITY BANK OF THE MIDWEST, recorded March 15, 2006 at Book 620, Page 748 and re-recorded May 9, 2006 at Book 623, Page 771, Camden County, Missouri records given as additional security for the indebtedness described in the insured Deed of Trust.

    4. Schedule B, Part I, Item Number 14 is hereby deleted from Schedule B, Part I and added to Schedule B, Part II as item number 2.

    5. Schedule A, issuing title agent is hereby amended to read:

        **LANDCHOICE CO. LLC.**

    6. ALTA Endorsement Form 3-Zoning, item number 1 is hereby amended to read as follows: According to applicable zoning ordinances and amendments thereto, the land is not classified as Non-Conforming pre-existing development project by the Camden County Board of Adjustment on April 27, 2005, which authorizes the Majestic pointe Condominium development to continue and complete the project as planned.

    7. ALTA Endorsement Form 3-Zoning, item number 2 is hereby amended to add the following:

        **N/A**

    8. ALTA Endorsement Form 3.1-Zoning, item number 1(a) is hereby amended to read as follows: According to applicable zoning ordinances and amendments thereto, the land is not classified as Non-Conforming pre-existing development project by the Camden County Board of Adjustment on April 27, 2005, which authorizes the Majestic pointe Condominium development to continue and complete the project as planned.

    9. ALTA Endorsement Form 3.1 – Zoning item, number 1(b)

**N/A**

10. Survey Endorsement paragraph number 1 is herby amended to read as:

**"The company hereby insures the insured against loss or damage arising from the insured land shown on Schedule A being different than the land shown and described on the survey dated January 13, 2006 and revised on March 10, 2006, done by Lonny D. Allen, Registered Land Surveyor NO. 1670"**

11. Contiguity Endorsement is hereby amended to add Commitment/Policy Number

**L0511106/G52-0582755**

12. Contiguity Endorsement paragraph number one is hereby amended to add at the end of paragraph one the following:

**As shown on the plat recorded in Plat Book 84, Pages 21 A-B, Camden County, Missouri Records**

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

**LAWYERS TITLE INSURANCE CORPORATION**

Dated: **03/15/06**

Countersigned: **LANDCHOICE CO. LLC**

By:
_____
Authorized Officer or Agent

By: *Janet A. Alpert*
President

Attest: *Jh. D. Web*
Secretary

Endorsement – Blank for Policy
**Form 1013-20**



CERTIFIED TO BE A TRUE AND
EXACT COPY OF THE ORIGINAL

Premium: **$1,000.00**
File No.: **L0511106**

Attached to and made a part of Policy No.: **G52-0582755**

The Company insures the insured against loss or damage sustained in the event that, at Date of Policy:

1. According to applicable zoning ordinances and amendments thereto, the land is not classified Zone legal is non-conforming as to Majestic Pointe Condos.

2. The following use or uses are not allowed under that classification:

There shall be no liability under this endorsement based on:

(a) Lack of compliance with any conditions, restrictions, or requirements contained in the zoning ordinances and amendments thereto mentioned above, including but not limited to the failure to secure necessary consents or authorizations as a prerequisite to the use or uses.

(b) The invalidity of the ordinances and amendments thereto mentioned above until after a final decree of a court of competent jurisdiction adjudicating the invalidity, the effect of which is to prohibit the use or uses.

(c) The refusal of any person to purchase, lease or lend money on the estate or interest covered by this policy.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

LAWYERS TITLE INSURANCE CORPORATION

Dated: **03/15/06**

By: *Janet A. Alpert*

President

Countersigned:
LANDCHOICE CO., LLC

SEAL
LAWYERS TITLE INSURANCE CORPORATION
1925
RICHMOND, VA

Attest: *J. D. Web*

Secretary

By
Authorized Officer or Agent

# ALTA ENDORSEMENT – FORM 21 – CREDITORS' RIGHTS

Issued by **Lawyers Title Insurance Corporation**



*Lawyers Title Insurance Corporation is a member of the LandAmerica family of title insurance underwriters.*

Attached to and made a part of Policy No.: G52–0582755

The Company insures against loss or damage sustained by the insured by reason of the avoidance in whole or in part, or a court order providing some other remedy, based on the voidability of any estate, interest, or mortgage shown in Schedule A because of the occurrence on or before Date of Policy of a fraudulent transfer or a preference under federal bankruptcy, state insolvency or similar creditors' rights laws.

The coverage provided by this endorsement shall include the payment of costs, attorneys' fees and expenses necessary to defend the insured against those counts, and no others, of any litigation seeking a court order which will result in loss or damage against which this endorsement provides insurance to the extent provided in the Conditions and Stipulations.

This endorsement does not insure against loss or damage if the insured: (a) knew when it acquired any estate, interest, or mortgage shown in Schedule A that the transfer, conveyance, or mortgage was intended to hinder, delay, or defraud any creditor; or (b) is found by a court not to be a transferee or purchaser in good faith.

This endorsement is issued as part of the policy. Except as it expressly states, it does not (i) modify any of the terms and provisions of the policy, (ii) modify any prior endorsements, (iii) extend the Date of Policy, or (iv) increase the Amount of Insurance. To the extent a provision of the policy or a previous endorsement is inconsistent with an express provision of this endorsement, this endorsement controls. Otherwise, this endorsement is subject to all of the terms and provisions of the policy and of any prior endorsements.

IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

LAWYERS TITLE INSURANCE CORPORATION

Dated: 03/15/06

Countersigned: LANDCHOICE CO. LLC.

By: _____
     Authorized Officer or Agent

By: _____
     President

Attest: _____
         Secretary

End. – ALTA Form 21 – Creditors' Rights– DTIRB-41 (3/1/06)
**Form 5555-21L**

ORIGINAL

NJRB 5-95
Effective 1/25/05



File No.: **L0511106**

Attached to and made a part of Policy No.: **G52-0582755**

The said Commitment/Policy is hereby amended in the following manner:

    1. Schedule A, Item Number 3 is hereby amended to read:

        **FEE SIMPLE, AS TO EXHIBIT A EXCEPTING THEREFROM INSURED EASEMENT PARCEL**

        **AND**

        **EASEMENT, AS TO INSURED EASEMENT PARCEL**

    2. Schedule A, Item Number 5 Exhibit A is hereby amended to add:

        **FURTHER EXCEPTING THEREFROM:**

        **All of Unit No. 2-E, 3-F, and 4-F of "MAJESTIC POINTE CONDOMINUM, BUILDING 5 SIXTH ADDTION" a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 92, Page 9, in the Camden County Recorder's Office.**

    3. Schedule B, Part I, SUBJECT TO: is hereby deleted from Schedule B, Part I and added to Schedule B, Part II as item number 1 to read as follows:

    Schedule B, Part II, Item No. 1

    Assignments of Leases and Rents dated March 13, 2006 executed by MAJESTIC POINTE DEVELOPMENT COMPANY, LLC, A Missouri Limited Liability Company, to NATIONAL CITY BANK OF THE MIDWEST, recorded March 15, 2006 at Book 620, Page 748 and re-recorded May 9, 2006 at Book 623, Page 771, and re-recorded June 8, 2006 at Book 625, Page 847, Camden County, Missouri records given as additional security for the indebtedness described in the insured Deed of Trust.

    4. Schedule B, Part I, Item Number 14 is hereby deleted from Schedule B, Part I and added to Schedule B, Part II as item number 2.

    5. Schedule A, issuing title agent is hereby amended to read:

        **LANDCHOICE CO. LLC.**

    6. ALTA Endorsement Form 3-Zoning, item number 1 is hereby amended to read as follows:  According to applicable zoning ordinances and amendments thereto, the land is not classified as Non-Conforming pre-existing development project by the Camden County Board of Adjustment on April 27, 2005, which authorizes the Majestic Pointe Condominium development to continue and complete the project as planned.

    7. ALTA Endorsement Form 3-Zoning, item number 2 is hereby amended to add the following:

        **N/A**

    8. ALTA Endorsement Form 3.1-Zoning, item number 1(a) is hereby amended to read as follows:  According to applicable zoning ordinances and amendments thereto, the land is not classified as Non-Conforming pre-existing development project by the Camden County Board of Adjustment on April 27, 2005, which authorizes the Majestic Pointe Condominium development to continue and complete the project as planned.

9. ALTA Endorsement Form 3.1 – Zoning item, number 1(b), is hereby amended to add the following:

   **N/A**

10. Survey Endorsement paragraph number 1 is herby amended to read as:

    **"The company hereby insures the insured against loss or damage arising from the insured land shown on Schedule A being different than the land shown and described on the survey dated January 13, 2006 and revised on March 10, 2006, done by Lonny D. Allen, Registered Land Surveyor NO. 1670"**

11. Contiguity Endorsement is hereby amended to add Commitment/Policy Number

    **L0511106/G52-0582755**

12. Contiguity Endorsement paragraph number one is hereby amended to add at the end of paragraph one the following:

    **As shown on the plat recorded in Plat Book 84, Pages 21 A-B, Camden County, Missouri Records**

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

**LAWYERS TITLE INSURANCE CORPORATION**

Dated: **03/15/06**

By: *Janet A. Alpert*

President

Countersigned: **LANDCHOICE CO. LLC**

Attest: *J. D. Web*

Secretary

By: ~~Authorized Officer~~ or Agent

Endorsement – Blank for Policy
**Form 1013-20**



## LandAmerica
## Lawyers Title

## MODIFICATION ENDORSEMENT

File No.: L0511106

Attached to and made a part of Policy No.: G52-0582755

The said Commitment/Policy is hereby amended in the following manner:

1.  **Schedule A, Date of Policy is hereby amended to read as follows:**

    10/25/07

2.  **Schedule A, Loan Insurance amount is hereby amended to read as follows:**

    $22,380,000.00

3.  **Schedule A, Item Number 1, Name of Insured is hereby amended to read as follows:**

    NATIONAL CITY BANK, and its successors and/or assigns as their interest may appear.

4.  **Schedule A, Item Number 4 is hereby amended to add the following:**

    Said Deed of Trust Modified by First Amendment to Construction Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing as recorded 10/25/07, in Book 653, at Page 188, Camden County Missouri Records.

5.  **Schedule A, Item 5, "The land referred to in this policy is described as follows", is hereby replaced in its entirety by the following:**

    ### EXHIBIT A
    ### LEGAL DESCRIPTION

    All of Lot 27 of Shawnee Bend No. 2, a subdivision in Camden County, Missouri, according to the plat thereof on file at Plat Book 3, Page 58 in the Office of the Recorder of Deeds, Camden County, Missouri.

    All of MAJESTIC POINTE CONDOMINIUM SUBDIVISION, a condominium of record in Camden County Missouri, according to the plat thereof on file at Plat Book 81, Page 12, in the Camden County Recorders Office.

    EXCEPTING THEREFROM:

    All of Unit Nos. 2-A, 2-B, and 4-A of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, FIRST ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 83, Page 15 A-C, in the Camden County Recorder's Office.

    FURTHER EXCEPTING THEREFROM:

    All of Unit Nos. 3-A, 3-B, 4-B, 4-C, and 2-D of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, FIRST ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 84, Page 19A-D, in the Camden County Recorder's Office.

    FURTHER EXCEPTING THEREFROM:

    All of Unit Nos. 2-C, 3-D, and 4-D of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, SECOND ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 85, Page 25, in the Camden County Recorder's Office.

    FURTHER EXCEPTING THEREFROM:

All of Unit No 3-C of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, THIRD ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 87, Page 44A-B, in the Camden County Recorder's Office.

FURTHER EXCEPTING THEREFROM:

All of Unit No 1-F of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, FIFTH ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 91, Page 33A-B, in the Camden County Recorder's Office.

FURTHER EXCEPTING THEREFROM:

All of Unit No 2-F of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, FOURTH ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 90, Page 22A-B, in the Camden County Recorder's Office.

FURTHER EXCEPTING THEREFROM:

All of Unit No 2-E, 3-F, and 4-F of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, SIXTH ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 92, Page 9, in the Camden County Recorder's Office.

FURTHER EXCEPTING THEREFROM:

ALSO: A tract of land being a part of Lot 4, MAJESTIC POINTE SUBDIVISION, 2nd AMENDED PLAT, a subdivision of record in Camden County, Missouri, according to the plat of Majestic Pointe Subdivision, 2nd Amended Plat filed of record at Plat Book 84, Pages 21A and 21B at the Camden County Recorder's Office more particularly described as follows: Beginning at the northwesterly corner of Lot 5, adjacent to Lot 4 and the easterly right-of-way of a 30 ft. right-of-way as shown on the plat of said subdivision, thence South 81 degrees 08 minutes 38 seconds East, along the southerly line of Lot 4, 52.66 feet, to the TRUE POINT OF BEGINNING; thence continuing South 81 degrees 08 minutes 38 seconds East, 120.77 feet to a point near the shoreline of the Lake of the Ozarks; thence along said shoreline the following courses:  thence North 14 degrees 14 minutes 00 seconds East, 12.16 feet; thence North 10 degrees 18 minutes 46 seconds East, 25.91 feet; thence leaving said shoreline, North 82 degrees 18 minutes 58 seconds West, 122.60 feet; thence South 08 degrees 51 minutes 22 seconds West, 35.50 feet to the TRUE POINT OF BEGINNING.

SAVE AND EXCEPT:

All of Unit No. 4E of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, SEVENTH ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 93, Page 44, in the Camden County Recorder's Office.

SAVE AND EXCEPT:

All of Unit 1C Building 5 MAJESTIC POINTE CONDOMINIUM ELEVENTH ADDITION as shown by plat recorded at Plat Book 99, Page 44, in the Camden County Recorder's Office.

SAVE AND EXCEPT:

All of Unit No. 3E and 1B of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, EIGHTH ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 94, Page 4, in the Camden County Recorder's Office.

SAVE AND EXCEPT:

All of Unit No. 1A of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, NINTH ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 96, Page 25, in the Camden County Recorder's Office.

SAVE AND EXCEPT:

All of Unit No. 1E of "MAJESTIC POINTE CONDOMINIUM, BUILDING 5, TENTH ADDITION", a condominium of record in Camden County, Missouri, according to the plat thereof on file at Plat Book 98, Page 7A and 7B, in the Camden County Recorder's Office.

INSURED EASEMENT PARCEL

A tract of land being a part of Lot 4, MAJESTIC POINTE SUBDIVISION, 2nd AMENDED PLAT, a subdivision of record in Camden County, Missouri, according to the plat of Majestic Pointe Subdivision, 2nd Amended Plat filed of record at Plat Book 84, Pages 21A and 21B at the Camden County Recorder's Office more particularly described as follows: Beginning at the northwesterly corner of Lot 5, adjacent to Lot 4 and the easterly right-of-way of a 30 ft. right-of-way as shown on the plat of said subdivision, thence South 81 degrees 08 minutes 38 seconds East, along the southerly line of Lot 4, 52.66 feet, to the TRUE POINT OF BEGINNING; thence continuing South 81 degrees 08 minutes 38 seconds East, 120.77 feet to a point near the shoreline of the Lake of the Ozarks; thence along said shoreline the following courses: thence North 14 degrees 14 minutes 00 seconds East, 12.16 feet; thence North 10 degrees 18 minutes 46 seconds East, 25.91 feet; thence leaving said shoreline, North 82 degrees 18 minutes 58 seconds West, 122.60 feet; thence South 08 degrees 51 minutes 22 seconds West, 35.50 feet to the TRUE POINT OF BEGINNING

6.  **Schedule B Part I, Item 1, is hereby amended to read as follows:**

1. All general taxes due and payable in the year **2007** and thereafter, and any special assessments becoming a lien after the date hereof, and any and all charges, fees or assessments which may be due from any fire, water, levee, electric or sewer district or cooperative and any Home Owners Association in which subject property may be situated, there are none now due and payable

7.  **Schedule B Part I, Item 3, is hereby amended to read as follows:**

3. BUILDING SET BACK LINES and EASEMENTS as per MAJESTIC POINTE CONDOMINIUM SUBDIVSION are recorded in Plat Book 81, Page 12, and also that plat of MAJESTIC POINTE SUBDIVSION 1ST AMENDED PLAT recorded in Plat Book 83, Page 14 and also MAJESTIC POINTE SUBDIVISION, 2ND AMENDED PLAT, recorded in Plat Book 84, Page 21 and also MAJESTIC POINTE CONDOMINIUM, BUILDING 5 recorded in Plat Book 83, Page 15 and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 FIRST ADDITION, recorded in Plat Book 84, Page 19 and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 SECOND ADDITION recorded in Plat Book 85, Page 25 and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 THIRD ADDITION recorded in Plat Book 87, Page 44 and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 FOURTH ADDITION recorded in Plat Book 90, Page 22 and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 FIFTH ADDITION recorded in Plat Book 91, Page 33, and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 SIXTH ADDITION recorded in Plat Book 92, Page 9, and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 SEVENTH ADDITION recorded in Plat Book 93, Page 44, and also MAJESTIC POINTE CONDOMINIUM BUILDING 5 EIGHTH ADDITION recorded in Plat Book 94, Page 4; and also MAJESTIC POINTE CONDOMINIUM BUILDING 5, NINTH ADDITION recorded in Plat Book 96, Page 25; and also MAJESTIC POINTE CONDOMINIUM BUILDING 5, TENTH ADDITION recorded in Plat Book 98, Page 7: and also MAJESTIC POINTE CONDOMINIUM BUILDING 5, ELEVENTH ADDITION recorded in Plat Book 99, Page 44, Camden County Records.

8.  **Schedule B Part I, Item 4, is hereby amended to read as follows:**

4. RESTRICTIVE COVENANTS and easements according to the DECLARATION OF RESTRICTIONS FOR MAJESTIC POINTE SUBDIVISION recorded in Book 578, Page 663 and also MAJESTIC POINTE CONDOMINIUM DECLARATION recorded in Book 578, Page 664 and also FIRST SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 583, Page 349 and also SECOND SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM record in Book 586, Page 125 and also THIRD SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR

MAJESTIC POINTE CONDOMINIUM recorded in Book 600, Page 493 and also FOURTH SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 600, Page 707 and also FIFTH SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 604, Page 761 and also SIXTH SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 606, Page 641 and also SEVENTH SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 610, Page 829 and EIGHTH SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 611, Page 555, NINTH SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 618, Page 301; and also TENTH SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 624, Page 901, ELEVENTH SUPPLEMENT TO THE CONDOMINIUM DECLARATION FOR MAJESTIC POINTE CONDOMINIUM recorded in Book 628, Page 508, Camden County Records. Said restrictions and covenants contain no reversionary clause and violation would not result in forfeiture.

9. **Schedule B Part II is hereby amended to add the following:**

Said Assignment of Rents and Leases Modified by First Amendment to Construction Deed of Trust, Security Agreement, Assignment of Leases and Rents, and Fixture Filing as recorded 10/25/07, in Book 653, at Page 188, Camden County, Missouri Records.

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

**LAWYERS TITLE INSURANCE CORPORATION**

Modification Document Recorded Date: **10/3/07**

Countersigned: **Landchoice Co. LLC.**

By: _____
　　　　　Authorized Officer or Agent

By: _Janet A. Alpert_

President

Attest: _J. A. D. Web_

Secretary



File No.: **L0511106**

Attached to and made a part of Policy No.: **G52-0582755**

The said Commitment/Policy is hereby amended in the following manner:

Pending disbursement of the full proceeds of the loan secured by the deed of trust described in Schedule A, liability under this Policy is limited to the amount actually disbursed which to date is **$6,042,524.75** but increased as each disbursement is made up to the face amount of this Policy.

At the time of each disbursement of mortgage proceeds, the title shall be continued to such time for possible liens or objections between the date hereof and the date of each disbursement.

Each endorsement issued in connections with insurance of advances of loan proceeds shall include a statement showing all liens, variations and encroachments, if any, since the date of the proceeding endorsement and shall contain a note affirmatively insuring against loss or damage arising from the enforcement or attempted enforcement of such liens, variations or encroachments. However, it is understood that if any such liens, variations or encroachments are discovered, the Company shall have the right to refuse to issue any further endorsements until and unless such liens are released, satisfied or otherwise discharged and such variations or encroachments are removed. As to any unreleased claims, liens or other obligations, if any amount sufficient (in the sole judgement of the Company) to satisfy them is placed in escrow with the Company, the Company will insure the insured against any loss or damage arising from their enforcement.

There are no such liens or survey encroachments to the date hereof.

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

                                                **LAWYERS TITLE INSURANCE CORPORATION**

Dated: **8/18/06**

                                       By:    *Janet A. Alpert*

                                                           President

Countersigned: **LANDCHOICE CO. LLC.**

                                       Attest:    *Jh. D. West*

By: _____

         Authorized Officer or Agent                                                       Secretary

(SEAL — LAWYERS TITLE INSURANCE CORPORATION, 1925, RICHMOND, VA)



File No.: L0511106

Attached to and made a part of Policy No.: G52-0582755

The said Commitment/Policy is hereby amended in the following manner:

Pending disbursement of the full proceeds of the loan secured by the deed of trust described in Schedule A, liability under this Policy is limited to the amount actually disbursed which to date is $7,347,415.20 but increased as each disbursement is made up to the face amount of this Policy.

At the time of each disbursement of mortgage proceeds, the title shall be continued to such time for possible liens or objections between the date hereof and the date of each disbursement.

Each endorsement issued in connections with insurance of advances of loan proceeds shall include a statement showing all liens, variations and encroachments, if any, since the date of the proceeding endorsement and shall contain a note affirmatively insuring against loss or damage arising from the enforcement or attempted enforcement of such liens, variations or encroachments. However, it is understood that if any such liens, variations or encroachments are discovered, the Company shall have the right to refuse to issue any further endorsements until and unless such liens are released, satisfied or otherwise discharged and such variations or encroachments are removed. As to any unreleased claims, liens or other obligations, if any amount sufficient (in the sole judgement of the Company) to satisfy them is placed in escrow with the Company, the Company will insure the insured against any loss or damage arising from their enforcement.

There are no such liens or survey encroachments to the date hereof.

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

LAWYERS TITLE INSURANCE CORPORATION

Dated: October 12, 2006

By: *Janet A. Alpert*

President

Countersigned:

Attest: *J. D. Web*

Secretary

By:

_____



File No.: L0511106

Attached to and made a part of Policy No.: G52-0582755

The said Commitment/Policy is hereby amended in the following manner:

Pending disbursement of the full proceeds of the loan secured by the deed of trust described in Schedule A, liability under this Policy is limited to the amount actually disbursed which to date is $8,508,937.34 but increased as each disbursement is made up to the face amount of this Policy.

At the time of each disbursement of mortgage proceeds, the title shall be continued to such time for possible liens or objections between the date hereof and the date of each disbursement.

Each endorsement issued in connections with insurance of advances of loan proceeds shall include a statement showing all liens, variations and encroachments, if any, since the date of the proceeding endorsement and shall contain a note affirmatively insuring against loss or damage arising from the enforcement or attempted enforcement of such liens, variations or encroachments. However, it is understood that if any such liens, variations or encroachments are discovered, the Company shall have the right to refuse to issue any further endorsements until and unless such liens are released, satisfied or otherwise discharged and such variations or encroachments are removed. As to any unreleased claims, liens or other obligations, if any amount sufficient (in the sole judgement of the Company) to satisfy them is placed in escrow with the Company, the Company will insure the insured against any loss or damage arising from their enforcement.

There are no such liens or survey encroachments to the date hereof.

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

Dated: December 28, 2006

Countersigned:

By:

LAWYERS TITLE INSURANCE CORPORATION

By: *Janet A. Alpert*

President

Attest: *J.A. D. Web*

Secretary

---

Pending Disbursement Endorsement

Authorized Officer or Agent



File No.: L0511106

Attached to and made a part of Policy No.: G52-0582755

The said Commitment/Policy is hereby amended in the following manner:

Pending disbursement of the full proceeds of the loan secured by the deed of trust described in Schedule A, liability under this Policy is limited to the amount actually disbursed which to date is $9,408,370.50 but increased as each disbursement is made up to the face amount of this Policy.

At the time of each disbursement of mortgage proceeds, the title shall be continued to such time for possible liens or objections between the date hereof and the date of each disbursement.

Each endorsement issued in connections with insurance of advances of loan proceeds shall include a statement showing all liens, variations and encroachments, if any, since the date of the proceeding endorsement and shall contain a note affirmatively insuring against loss or damage arising from the enforcement or attempted enforcement of such liens, variations or encroachments. However, it is understood that if any such liens, variations or encroachments are discovered, the Company shall have the right to refuse to issue any further endorsements until and unless such liens are released, satisfied or otherwise discharged and such variations or encroachments are removed. As to any unreleased claims, liens or other obligations, if any amount sufficient (in the sole judgement of the Company) to satisfy them is placed in escrow with the Company, the Company will insure the insured against any loss or damage arising from their enforcement.

There are no such liens or survey encroachments to the date hereof.

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

**LAWYERS TITLE INSURANCE CORPORATION**

Dated: February 28, 2007            By: *Janet A. Alpert*

                                                    President

Countersigned:           SEAL 1925      Attest: *J. D. Web*

                                                    Secretary

By:



File No.: L0511106

Attached to and made a part of Policy No.: G52-0582755

The said Commitment/Policy is hereby amended in the following manner:

Pending disbursement of the full proceeds of the loan secured by the deed of trust described in Schedule A, liability under this Policy is limited to the amount actually disbursed which to date is $11,962,803.14 but increased as each disbursement is made up to the face amount of this Policy.

At the time of each disbursement of mortgage proceeds, the title shall be continued to such time for possible liens or objections between the date hereof and the date of each disbursement.

Each endorsement issued in connections with insurance of advances of loan proceeds shall include a statement showing all liens, variations and encroachments, if any, since the date of the proceeding endorsement and shall contain a note affirmatively insuring against loss or damage arising from the enforcement or attempted enforcement of such liens, variations or encroachments. However, it is understood that if any such liens, variations or encroachments are discovered, the Company shall have the right to refuse to issue any further endorsements until and unless such liens are released, satisfied or otherwise discharged and such variations or encroachments are removed. As to any unreleased claims, liens or other obligations, if any amount sufficient (in the sole judgement of the Company) to satisfy them is placed in escrow with the Company, the Company will insure the insured against any loss or damage arising from their enforcement.

There are no such liens or survey encroachments to the date hereof.

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

LAWYERS TITLE INSURANCE CORPORATION

Dated: May 2, 2007

By: _Janet A. Alpert_

President

Countersigned:

Attest: _J A D West_

Secretary

By:



File No.: L0511106

Attached to and made a part of Policy No.: G52-0582755

The said Commitment/Policy is hereby amended in the following manner:

Pending disbursement of the full proceeds of the loan secured by the deed of trust described in Schedule A, liability under this Policy is limited to the amount actually disbursed which to date is $12,299,659.69 but increased as each disbursement is made up to the face amount of this Policy.

At the time of each disbursement of mortgage proceeds, the title shall be continued to such time for possible liens or objections between the date hereof and the date of each disbursement.

Each endorsement issued in connections with insurance of advances of loan proceeds shall include a statement showing all liens, variations and encroachments, if any, since the date of the proceeding endorsement and shall contain a note affirmatively insuring against loss or damage arising from the enforcement or attempted enforcement of such liens, variations or encroachments. However, it is understood that if any such liens, variations or encroachments are discovered, the Company shall have the right to refuse to issue any further endorsements until and unless such liens are released, satisfied or otherwise discharged and such variations or encroachments are removed. As to any unreleased claims, liens or other obligations, if any amount sufficient (in the sole judgement of the Company) to satisfy them is placed in escrow with the Company, the Company will insure the insured against any loss or damage arising from their enforcement.

There are no such liens or survey encroachments to the date hereof.

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

LAWYERS TITLE INSURANCE CORPORATION

Dated: June 8, 2007

By: _Janet A. Alpert_

President

Countersigned:

Attest: _J. D. West_

Secretary

By: _Karon S Watts_

Authorized Officer or Agent

Pending Disbursement Endorsement



File No.: L0511106

Attached to and made a part of Policy No.: G52-0582755

The said Commitment/Policy is hereby amended in the following manner:

Pending disbursement of the full proceeds of the loan secured by the deed of trust described in Schedule A, liability under this Policy is limited to the amount actually disbursed which to date is $13,578,636.14 but increased as each disbursement is made up to the face amount of this Policy.

At the time of each disbursement of mortgage proceeds, the title shall be continued to such time for possible liens or objections between the date hereof and the date of each disbursement.

Each endorsement issued in connections with insurance of advances of loan proceeds shall include a statement showing all liens, variations and encroachments, if any, since the date of the proceeding endorsement and shall contain a note affirmatively insuring against loss or damage arising from the enforcement or attempted enforcement of such liens, variations or encroachments. However, it is understood that if any such liens, variations or encroachments are discovered, the Company shall have the right to refuse to issue any further endorsements until and unless such liens are released, satisfied or otherwise discharged and such variations or encroachments are removed. As to any unreleased claims, liens or other obligations, if any amount sufficient (in the sole judgement of the Company) to satisfy them is placed in escrow with the Company, the Company will insure the insured against any loss or damage arising from their enforcement.

There are no such liens or survey encroachments to the date hereof.

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

**LAWYERS TITLE INSURANCE CORPORATION**

Dated: June 29, 2007

By: _Janet A. Alpert_

President

Countersigned:

Attest: _J. D. West_

Secretary

By: _Karen S Watts_
Authorized Officer or Agent

Pending Disbursement Endorsement



File No.: L0511106

Attached to and made a part of Policy No.: G52-0582755

The said Commitment/Policy is hereby amended in the following manner:

Pending disbursement of the full proceeds of the loan secured by the deed of trust described in Schedule A, liability under this Policy is limited to the amount actually disbursed which to date is $14,608,275.12 but increased as each disbursement is made up to the face amount of this Policy.

At the time of each disbursement of mortgage proceeds, the title shall be continued to such time for possible liens or objections between the date hereof and the date of each disbursement.

Each endorsement issued in connections with insurance of advances of loan proceeds shall include a statement showing all liens, variations and encroachments, if any, since the date of the proceeding endorsement and shall contain a note affirmatively insuring against loss or damage arising from the enforcement or attempted enforcement of such liens, variations or encroachments. However, it is understood that if any such liens, variations or encroachments are discovered, the Company shall have the right to refuse to issue any further endorsements until and unless such liens are released, satisfied or otherwise discharged and such variations or encroachments are removed. As to any unreleased claims, liens or other obligations, if any amount sufficient (in the sole judgement of the Company) to satisfy them is placed in escrow with the Company, the Company will insure the insured against any loss or damage arising from their enforcement.

There are no such liens or survey encroachments to the date hereof.

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

**LAWYERS TITLE INSURANCE CORPORATION**

Dated: July 20, 2007

By: *Janet A. Alpert*

President

Countersigned:

Attest: *J. A. D. Web*

Secretary

By: *Karen S Watts*
        Authorized Officer or Agent

Pending Disbursement Endorsement



File No.: L0511106

Attached to and made a part of Policy No.: G52-0582755

The said Commitment/Policy is hereby amended in the following manner:

Pending disbursement of the full proceeds of the loan secured by the deed of trust described in Schedule A, liability under this Policy is limited to the amount actually disbursed which to date is $15,824,781.32 but increased as each disbursement is made up to the face amount of this Policy.

At the time of each disbursement of mortgage proceeds, the title shall be continued to such time for possible liens or objections between the date hereof and the date of each disbursement.

Each endorsement issued in connections with insurance of advances of loan proceeds shall include a statement showing all liens, variations and encroachments, if any, since the date of the proceeding endorsement and shall contain a note affirmatively insuring against loss or damage arising from the enforcement or attempted enforcement of such liens, variations or encroachments. However, it is understood that if any such liens, variations or encroachments are discovered, the Company shall have the right to refuse to issue any further endorsements until and unless such liens are released, satisfied or otherwise discharged and such variations or encroachments are removed. As to any unreleased claims, liens or other obligations, if any amount sufficient (in the sole judgement of the Company) to satisfy them is placed in escrow with the Company, the Company will insure the insured against any loss or damage arising from their enforcement.

There are no such liens or survey encroachments to the date hereof.

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

LAWYERS TITLE INSURANCE CORPORATION

Dated: August 23, 2007

By: *Janet A. Alpert*

President

Countersigned:

Attest: *Jh. D. Web*

Secretary

By: *Karen S Watts*

Authorized Officer or Agent

Pending Disbursement Endorsement



File No.: L0511106

Attached to and made a part of Policy No.: G52-0582755

The said Commitment/Policy is hereby amended in the following manner:

Pending disbursement of the full proceeds of the loan secured by the deed of trust described in Schedule A, liability under this Policy is limited to the amount actually disbursed which to date is $16,544,354.55 but increased as each disbursement is made up to the face amount of this Policy.

At the time of each disbursement of mortgage proceeds, the title shall be continued to such time for possible liens or objections between the date hereof and the date of each disbursement.

Each endorsement issued in connections with insurance of advances of loan proceeds shall include a statement showing all liens, variations and encroachments, if any, since the date of the proceeding endorsement and shall contain a note affirmatively insuring against loss or damage arising from the enforcement or attempted enforcement of such liens, variations or encroachments. However, it is understood that if any such liens, variations or encroachments are discovered, the Company shall have the right to refuse to issue any further endorsements until and unless such liens are released, satisfied or otherwise discharged and such variations or encroachments are removed. As to any unreleased claims, liens or other obligations, if any amount sufficient (in the sole judgement of the Company) to satisfy them is placed in escrow with the Company, the Company will insure the insured against any loss or damage arising from their enforcement.

There are no such liens or survey encroachments to the date hereof.

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

Dated:  September 20, 2007

Countersigned:

By:  _Karen S Watts_
　　　Authorized Officer or Agent

LAWYERS TITLE INSURANCE CORPORATION

By: _Janet A. Alpert_
　　　　　　　　　　　President

Attest: _J. D. West_
　　　　　　　　　　　Secretary

Pending Disbursement Endorsement



File No.: L0511106

Attached to and made a part of Policy No.: G52-0582755

The said Commitment/Policy is hereby amended in the following manner:

Pending disbursement of the full proceeds of the loan secured by the deed of trust described in Schedule A, liability under this Policy is limited to the amount actually disbursed which to date is $17,701,503.47 but increased as each disbursement is made up to the face amount of this Policy.

At the time of each disbursement of mortgage proceeds, the title shall be continued to such time for possible liens or objections between the date hereof and the date of each disbursement.

Each endorsement issued in connections with insurance of advances of loan proceeds shall include a statement showing all liens, variations and encroachments, if any, since the date of the proceeding endorsement and shall contain a note affirmatively insuring against loss or damage arising from the enforcement or attempted enforcement of such liens, variations or encroachments. However, it is understood that if any such liens, variations or encroachments are discovered, the Company shall have the right to refuse to issue any further endorsements until and unless such liens are released, satisfied or otherwise discharged and such variations or encroachments are removed. As to any unreleased claims, liens or other obligations, if any amount sufficient (in the sole judgement of the Company) to satisfy them is placed in escrow with the Company, the Company will insure the insured against any loss or damage arising from their enforcement.

There are no such liens or survey encroachments to the date hereof.

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

**LAWYERS TITLE INSURANCE CORPORATION**

Dated: October 29, 2007

By: _Janet A. Alpert_

President

Countersigned:

Attest: _J. A. D. West_

Secretary

By: _Karen S Watts_
   Authorized Officer or Agent

Pending Disbursement Endorsement



File No.: L0511106

Attached to and made a part of Policy No.: G52-0582755

The said Commitment/Policy is hereby amended in the following manner:

Pending disbursement of the full proceeds of the loan secured by the deed of trust described in Schedule A, liability under this Policy is limited to the amount actually disbursed which to date is $18,266,640.66 but increased as each disbursement is made up to the face amount of this Policy.

At the time of each disbursement of mortgage proceeds, the title shall be continued to such time for possible liens or objections between the date hereof and the date of each disbursement.

Each endorsement issued in connections with insurance of advances of loan proceeds shall include a statement showing all liens, variations and encroachments, if any, since the date of the proceeding endorsement and shall contain a note affirmatively insuring against loss or damage arising from the enforcement or attempted enforcement of such liens, variations or encroachments. However, it is understood that if any such liens, variations or encroachments are discovered, the Company shall have the right to refuse to issue any further endorsements until and unless such liens are released, satisfied or otherwise discharged and such variations or encroachments are removed. As to any unreleased claims, liens or other obligations, if any amount sufficient (in the sole judgement of the Company) to satisfy them is placed in escrow with the Company, the Company will insure the insured against any loss or damage arising from their enforcement.

There are no such liens or survey encroachments to the date hereof.

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

LAWYERS TITLE INSURANCE CORPORATION

Dated: December 14, 2007

By: *Janet A. Alpert*

President

Countersigned:

Attest: *J. A. D. West*

Secretary

By: *Karen S Watts*

Authorized Officer or Agent



File No.: L0511106

Attached to and made a part of Policy No.: G52-0582755

The said Commitment/Policy is hereby amended in the following manner:

Pending disbursement of the full proceeds of the loan secured by the deed of trust described in Schedule A, liability under this Policy is limited to the amount actually disbursed which to date is $18,804,078.44 but increased as each disbursement is made up to the face amount of this Policy.

At the time of each disbursement of mortgage proceeds, the title shall be continued to such time for possible liens or objections between the date hereof and the date of each disbursement.

Each endorsement issued in connections with insurance of advances of loan proceeds shall include a statement showing all liens, variations and encroachments, if any, since the date of the proceeding endorsement and shall contain a note affirmatively insuring against loss or damage arising from the enforcement or attempted enforcement of such liens, variations or encroachments.  However, it is understood that if any such liens, variations or encroachments are discovered, the Company shall have the right to refuse to issue any further endorsements until and unless such liens are released, satisfied or otherwise discharged and such variations or encroachments are removed.  As to any unreleased claims, liens or other obligations, if any amount sufficient (in the sole judgement of the Company) to satisfy them is placed in escrow with the Company, the Company will insure the insured against any loss or damage arising from their enforcement.

There are no such liens or survey encroachments to the date hereof.

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

**LAWYERS TITLE INSURANCE CORPORATION**

Dated:  January 14, 2008

By: _Janet A. Alpert_
                                                                        President

Countersigned:

Attest: _J. D. Web_
                                                                        Secretary

By:  _Karon S Watts_ ___
         Authorized Officer or Agent

Pending Disbursement Endorsement



File No.: L0511106

Attached to and made a part of Policy No.: G52-0582755

The said Commitment/Policy is hereby amended in the following manner:

Pending disbursement of the full proceeds of the loan secured by the deed of trust described in Schedule A, liability under this Policy is limited to the amount actually disbursed which to date is $20,062,280.80 but increased as each disbursement is made up to the face amount of this Policy.

At the time of each disbursement of mortgage proceeds, the title shall be continued to such time for possible liens or objections between the date hereof and the date of each disbursement.

Each endorsement issued in connections with insurance of advances of loan proceeds shall include a statement showing all liens, variations and encroachments, if any, since the date of the proceeding endorsement and shall contain a note affirmatively insuring against loss or damage arising from the enforcement or attempted enforcement of such liens, variations or encroachments. However, it is understood that if any such liens, variations or encroachments are discovered, the Company shall have the right to refuse to issue any further endorsements until and unless such liens are released, satisfied or otherwise discharged and such variations or encroachments are removed. As to any unreleased claims, liens or other obligations, if any amount sufficient (in the sole judgement of the Company) to satisfy them is placed in escrow with the Company, the Company will insure the insured against any loss or damage arising from their enforcement.

There are no such liens or survey encroachments to the date hereof, **EXCEPT THE FOLLOWING:**

1. **Court Case 08CM-CC00412 GRAU CONTRACTING INC. vs. MAJESTIC POINTE DEVELOPMENT COMPANY, LLC.**

2. **Court Case 08CM-CC00427 MEYER ELECTRIC CO INC. vs. MAJESTIC POINTE DEVELOPMENT COMPANY, LLC.**

3. **Mechanics Lien Case Number 08CM-ML00066 AMERISTRUCTURE vs. KIDWELL CONSTRUCTION, ETAL.**

4. **Mechanics Lien Case Number 08CM-ML00067 AMERISTRUCTURE INC. vs. DOING STEEL FABRICATION, ETAL.**

5. **Mechanics Lien Case Number 08CM-ML00033 GRAU CONTRACTING, INC., vs. MAJESTIC POINTE DEVELOPMENT COMPANY, LLC.**

6. **Mechanics Lien Case Number 08CM-ML00068 AMERISTRUCTURE INC., vs. KIDWELL CONSTRUCTION, ETAL.**

7. **Mechanics Lien Case Number 08CM-ML00069 AMERISTRUCTURE INC. vs. KIDWELL CONSTRUCTION ETAL.**

8. **Mechanics Lien Case Number 08CM-ML00070 AMERISTRUCTURE INC. vs. KIDWELL CONSTRUCTION ETAL.**

9. **Mechanics Lien Case Number 08CM-ML00081 SIGN DÉCOR, LLC vs. MAJESTIC POINTE DEVELOPMENT COMPANY, LLC, ETAL.**

10. **Mechanics Lien Case Number 08CM-ML00090 KIDWELL CONSTRUCTION INC vs. MAJESTIC POINTE DEVELOPMENT COMPANY, LLC.**

11. **Mechanics Lien Case Number 08CM-ML00044 HAYES DRILLING INC. vs. KIDWELL**

The total liability of the Company under said policy, binder or commitment and under this and any prior endorsements thereto shall not exceed, in the aggregate, the amount of liability stated on the face of said policy, binder or commitment, as the same may be specifically amended in dollar amount by this or any prior endorsements, and the costs which the Company is obligated to pay under the Conditions and Stipulations of the policy.

This endorsement is made a part of said policy, binder or commitment and is subject to all the terms and provisions thereof, except as modified by the provisions hereof.

Nothing herein contained shall be construed as extending or changing the effective date of the aforesaid policy, binder or commitment unless otherwise expressly stated.

**IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION** has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Endorsement to become valid when countersigned by an authorized officer or agent of the Company.

Dated: October 24, 2008

Countersigned:

By:  _Karen S Watts_ __
  Authorized Officer or Agent

Pending Disbursement Endorsement

**LAWYERS TITLE INSURANCE CORPORATION**

By: _Janet A. Alpert_

  President

Attest: _J. A. D. Web_

  Secretary