UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FIDELITY NATIONAL TITLE INSURANCE )
COMPANY, )
 )
    Plaintiff, )
 )
vs. ) Case No. 4:10-CV-1890 (CEJ)
 )
CAPTIVA LAKE INVESTMENTS, LLC, )
 )
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to dismiss defendant's counterclaims. Defendant has filed a response in opposition to the motion and the issues are fully briefed.

### I. Background

The parties' dispute concerns the availability of coverage under a loan policy of title insurance issued by Lawyers Title Insurance Company (Lawyers Title) to National City Bank.[1] Plaintiff Fidelity National Title Insurance Company is the successor by merger to Lawyers Title. Defendant Captiva Lake Investments, LLC, claims coverage under the policy as a successor or assignee of National City Bank.

On March 13, 2006, National City Bank made two loans in the total amount of $21,280,000 to the Majestic Pointe Development Company, LLC, for the development of a condominium subdivision. The loan policy of title insurance was issued on March

---

[1]The policy was originally issued to National City Bank of the Midwest; it was subsequently modified to name National City Bank as the insured. For the purposes of this motion, the bank will be referred to as National City Bank.

15, 2006, to insure the priority status of National City Bank's deed of trust for the loans.

On October 24, 2007, the amount of the construction loan was increased to $21,180,000, and an amended deed of trust was executed. Lawyers Title issued a modification endorsement to the policy with an effective date of October 25, 2007. Plaintiff contends that the amended policy insured against a lack of priority of the deed of trust as against mechanics' liens that were contracted for or commenced before October 25, 2007. According to allegations in the complaint, the first of several mechanics' liens was filed in April 2008.

On July 22, 2009, defendant purchased National City Bank's interest in the promissory notes and National City Bank transferred all of its interest in the title insurance policy to defendant. On July 29, 2009, defendant made a claim on the policy and demanded indemnification for pending mechanics' liens. In a letter dated October 1, 2009, Lawyers Title agreed to provide a defense to the pending claims, but reserved the right to deny coverage. Lawyers Title also informed defendant that it had retained the law firm of Sauerwein Simon & Blanchard to represent defendant with respect to the pending claims. Defendant alleges that Lawyers Title instructed counsel to withhold documents and information from defendant.

On April 9, 2010, defendant filed a declaratory judgment action in the Circuit Court for St. Louis County. Plaintiff removed the action to this district court, where it was dismissed without prejudice. <u>Captiva Lake Investments, LLC v. Lawyers Title Insurance Corporation</u>, 4:10CV910 DJS, Order (E.D. Mo. July 16, 2010). On August 3, 2010, defendant submitted a claim for coverage for unmarketability of title, alleging

that Lawyers Title's refusal to provide coverage for the mechanics' liens had caused a prospective purchaser to back out of a deal.

In this action initiated on October 7, 2010, plaintiff alleges that it is not obligated to provide coverage for the mechanics' liens and assert four claims for declaratory judgment. Defendant alleges that there are outstanding mechanics' liens in the amount of $2,416,205 and that it has sustained $3,940,375 in damages attributable to Lawyers Trust's failure to provide coverage under the policy. Defendant asserts counterclaims for declaratory judgment, breach of contract arising from the failure to defend with respect to the mechanics' liens, tortious interference, and breach of contract for failure to indemnify with respect to the alleged unmarketability of the property.

II.   Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell

Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

III. Discussion

Plaintiff moves to dismiss defendant's counterclaims for declaratory judgment, breach of contract arising from plaintiff's failure to provide a defense, and tortious interference.

### Counterclaim 1: Declaratory Judgment Act

Defendant seeks declarations that the insurance policy requires plaintiff to defend or indemnify it with respect to the mechanics' liens and to indemnify it for damages it has incurred due to the unmarketability of title. Plaintiff argues that the counterclaim must be dismissed because, under the Missouri Declaratory Judgment act, Mo.Rev.Stat. §§ 527.010 *et seq.*, a defendant may not assert a counterclaim for declaratory relief. See Brock v. Blackwood, 174 S.W.3d 47, 71 n.6 (Mo. Ct. App. 2004) ("[I]t is well settled that a declaratory judgment action will not lie where the declaration is being sought to defend against an action brought against the party seeking declaratory relief.")

A federal court sitting in diversity must apply the substantive law of the state in which the cause of action arose. Erie R.R. Co. Tompkins, 304 U.S. 64, 78 (1938). However, a claim for declaratory relief in a diversity action presents a procedural matter. Nationwide Mut. Ins. Co. v. Welker, 792 F.Supp. 433, 437-40 (D.Md. 1992) (addressing application of Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) to claim for declaratory relief in case arising under diversity jurisdiction). Thus, the federal

Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, governs whether the Court may grant the relief defendant seeks; the fact that state law prohibits a declaratory judgment claim "is simply inapposite." National R.R. Passenger Corp. v. Consolidated Rail Corp., 670 F.Supp. 424, 429 n.7 (D.D.C. 1987).

Plaintiff also argues that defendant's counterclaim is redundant because defendant may achieve the relief it seeks by successfully defending itself against plaintiff's claims for declaratory judgment.

> When [a counterclaim] request for declaratory relief brings into question issues that already have been presented in plaintiff's complaint and defendant's answer to the original claim, . . . a party might challenge the counterclaim on the ground that it is redundant and the court should exercise its discretion to dismiss it. This would be true if defendant is adequately protected in terms of the ability to have the issues that are raised by the request for declaratory relief fully adjudicated.

Charles Alan Wright, et al. Federal Practice and Procedure § 1406 (3d ed. 1998). However, "[i]f it cannot be determined early in the litigation if the counterclaim is identical to the complaint, 'the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action.'" Richmond v. Centurion Exteriors, Inc., 2010 WL 3940592 *1 (M.D. Tenn. Oct. 6, 2010) (quoting Pettrey v. Enterprise Title Agency, Inc., 2006 WL 3342633 *3 (N.D. Ohio Nov. 17, 2006)).

In its complaint, plaintiff seeks a declaration that the policy and related documents do not afford any coverage for the mechanics' liens. In its counterclaim, defendant seeks a declaration that the policy documents afford coverage for the mechanics' liens and, further, that plaintiff is obligated to indemnify it for the damages it has incurred due to the unmarketability of the title to the property resulting from the mechanics' liens. Plaintiff does not address whether a judgment for defendant on the

complaint would automatically entitle defendant to both coverage for the liens and indemnification for the unmarketability of the property. Thus, the counterclaim is not wholly redundant of plaintiff's complaint and the motion to dismiss defendant's counterclaim for declaratory judgment will be denied.

**Counterclaim 2: Breach of Contract**

In its second counterclaim, defendant alleges that plaintiff breached the terms of the policy by refusing to defend or indemnify defendant with respect to the mechanics' liens. Defendant also seeks additional damages under Mo.Rev.Stat. § 375.296 for plaintiff's allegedly vexatious refusal to provide coverage.

Plaintiff asserts that defendant fails to state a claim for breach of contract. Plaintiff does not challenge the existence of the insurance contract but asserts that defendant must allege "part performance" by one party. The part-performance element is inapplicable in this context. "[T]he doctrine of part performance, interposed to avoid the defense of the statute of frauds, is a creature of equity and has no application to an action at law for breach of contract." Haugland v. Parsons, 863 S.W.2d 609, 610 (Mo. Ct. App. 1992) (quoting Whaling v. Little Piney Oil Co., 623 S.W.2d 589, 592 (Mo. Ct. App. 1981)). Under Missouri law, the legal effect of an insurer's unjustified refusal to defend a claim is a breach of contract. Stark Liquidation Co. v. Florists' Mut. Ins. Co., 243 S.W.3d 385, 399 (Mo. Ct. App. 2007).

Plaintiff complains that defendant has failed to state that it was damaged as a result of the alleged failure to defend. When an insurance company refuses to defend an insured the company becomes liable for damages which flow from the refusal to defend. Fuller v. Lloyd, 714 S.W.2d 698, 702 (Mo. Ct. App. 1986). Although defendant's counterclaim is not a model of clarity with respect to the damages arising

from plaintiff's alleged failure to defend, defendant does assert it has at least $3,940,375 in damages attributable to Lawyers Title's failure to meet its obligations under the policy. The Court concludes that defendant has sufficiently alleged damages with respect to all of its counterclaims to survive a motion to dismiss.

### Counterclaim 3: Tortious Interference

Lawyers Title retained the law firm of Sauerwein Simon & Blanchard to represent defendant in connection with the pending mechanics' liens. Defendant alleges that Lawyers Title instructed the law firm to withhold documents and information from defendant, thereby tortiously interfering in defendant's legitimate expectancy in a commercial relationship with the law firm.

To state a claim for tortious interference with a business expectancy, a plaintiff must plead and prove: (1) a valid business expectancy; (2) defendant's knowledge of the expectancy; (3) intentional interference by the defendant inducing or causing a breach of the expectancy; (4) absence of justification; and (5) damages. Misischia v. St. John's Mercy Medical Center, 30 S.W.3d 848, 863 (Mo. Ct. App. 2000) (citing Nazeri v. Missouri Valley College, 860 S.W.2d 303, 316 (Mo. 1993) (*en banc*)).

Plaintiff argues that defendant "fails to allege any facts explaining how [the] attorney client relationship was a 'legitimate business expectancy.'" Lawyers Title informed defendant that counsel had been retained to provide representation to defendant, subject to a reservation of the right to deny coverage. Furthermore, although Lawyers Title agreed to "pay retained counsel's fees for representing the insured, . . . [the] firm will defend the insured in that action and has all attendant fiduciary duties related to such representation, including the attorney-client privilege." Defendant has adequately pleaded the existence of the attorney-client relationship.

To the extent that plaintiff intends to argue that an attorney-client relationship is outside the scope of those protected from unwarranted interference, that argument fails. "Third-party interference in a contract between attorney and client . . . or with the attorney-client relationship itself, will generally give rise to an action against the wrongdoer in accordance with the general principles of liability in tort for interference." Phoebe Carter, Annotation, <u>Liability in Tort for Interference with Attorney-Client Relationship</u>, 90 A.L.R.4th 621 § 2[a] (1991).

Plaintiff argues that defendant has failed to plead specific facts to support a causal connection between the alleged interference and any damages defendant sustained. The Court believes that defendant's allegations are sufficient to allow it to present evidence on this claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss defendant's counterclaims [Doc. #4] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2011.