UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:10-CV-1890 (CEJ) ) |
| CAPTIVA LAKE INVESTMENTS, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's amended motion to strike affirmative defenses. Defendant has filed a response in opposition to the motion.

Plaintiff Fidelity National Title Insurance Company brings this four-count action for declaratory relief, seeking a determination that it is not obligated under a loan policy of title insurance to provide coverage for mechanics' liens filed against a construction project. Defendant Captiva Lake Investments, LLC answered and asserted affirmative defenses.[1] Plaintiff moves to strike the following affirmative defenses:

1. Counts I through IV of Plaintiff's Complaint fail to state a claim upon which relief can be granted.

2. Counts I through IV of Plaintiff's Complaint are barred by the Doctrine of Equitable Estoppel.

3. Counts I through IV of Plaintiff's Complaint are barred by the Doctrine of Unclean Hands.

## Discussion

---

[1]Captiva also asserts counterclaims which are the subject of a motion to dismiss that is separately addressed.

Rule 12(f), Fed.R.Cic.P., states "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although courts enjoy "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure" and motions to strike are "viewed with disfavor and are infrequently granted." Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted). Motions to strike are generally disfavored "because they are often interposed to create a delay." Van Schouwen v. Connaught Corp., 782 F.Supp. 1240, 1245 (N.D. Ill. 1991).

> Indeed, motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record -- such as on a motion for summary judgment.

Id.

In ruling on a motion to strike, the Court "must view the pleadings in the light most favorable to the pleader." Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., 2008 WL 2817106 *2 (E.D. Mo. July 21, 2008) (quoting Multimedia Patent Trust v. Microsoft Corp., 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007)). A motion to strike an affirmative defense should not be granted "unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief." Id. (quoting Federal Deposit Ins. Corp. v. Coble, 720 F. Supp. 748, 750 (E.D. Mo. 1989)). A motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues. Id. "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in

burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." Id.

Finally, affirmative defenses are subject to the general rule that a pleading must contain a "short and plain statement" of the basis of the defense. Fed.R.Civ.P. 8(a). The Federal Rules of Civil Procedure contemplate "simplicity and brevity." Fed.R.Civ.P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.") Form 30, entitled "Answer Presenting Defenses Under Rule 12(b)," provides a sample answer with affirmative defenses; *e.g.*, "The complaint fails to state a claim upon which relief can be granted." The affirmative defenses in this case satisfy all the pleading requirements established by Rules 8 and 12 and they are adequately supported by factual allegations in defendant's counterclaim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's amended motion to strike affirmative defenses [Doc. #15] is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2011.