UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL TITLE INS. CO., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:10-CV-1890 (CEJ) |
| CAPTIVA LAKE INVESTMENTS, LLC, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to quash a subpoena duces tecum, pursuant to Fed.R.Civ.P. 45(c)(3). Defendant opposes the motion and the issues are fully briefed.

I. **Background**

Plaintiff Fidelity National Title Insurance Company (Fidelity) filed this action seeking a declaration that it is not obligated under a policy of insurance to provide coverage to defendant Captiva Lake Investments, LLC, (Captiva) for mechanics liens filed against a development project.[1] Captiva asserts counterclaims for declaratory judgment, breach of contract, and tortious interference.

Fidelity is providing Captiva with a defense against the mechanics liens, subject to a reservation of rights. To that end, Fidelity has retained the law firm of Sauerwein, Simon & Blanchard, P.C. (SSB), to challenge the validity, enforceability, and priority of the mechanics' liens, and to defend the priority of Captiva's interest in the property. Captiva complains that the liens are grossly overstated and do not reflect actual time

---

[1]Fidelity is the successor-by-merger to Lawyers Title Insurance Corporation which issued the policy under consideration to National City Bank of the Midwest (NCB). Defendant Captiva is the assignee of NCB pursuant to a loan sale agrement.

and materials invested in the property. Captiva asked SSB to retain a construction expert witness to conduct a forensic examination of the liens. Fidelity denied authorization for SSB to do so, stating that the policy insures solely against claims that competing liens have priority over the insured deed of trust and that the value of the liens falls outside the scope of the determination of priority.

Captiva served a subpoena duces tecum on SSB, seeking production of four categories of documents: (1) those related to SSB's representation in the mechanics liens lawsuits, (2) all correspondence and communications between SSB and the insurer related to SSB's work on the liens; (3) all documents prepared by SSB attorneys evaluating or referring to the liens; and (4) all billing records for SSB's work on the liens. Fidelity asserts that the subpoena requires the disclosure of material protected by attorney-client and the work product privileges and seeks an order to quash.

II. **Legal Standard**

In general, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). A party withholding information on a claim that it is privileged or subject to work-product protection has the burden to establish that the privilege applies. DeKalb Genetics Corp. v. Syngenta Seeds, Inc., 4:06CV01191 ERW, 2007 WL 2030130, *1 (citing United States v. Evans, 113 F.3d 1457 (7th Cir. 1997)). Under Rule 45, a court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Rule 45(c)(3)(A)(iii). "A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature

of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Rule 45(d)(2)(A).

III. Discussion

In a diversity action such as this, "the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed.R.Evid. 501; Ayers Oil Co. v. American Business Brokers, Inc., 2009 WL 4725297, at *1 (E.D. Mo. Dec. 2, 2009). Work product claims are governed by federal law. Pepsico, Inc. v. Baird, Kurtz & Dobson LLP, 305 F.3d 813, 817 (8th Cir. 2002) (citing Baker v. General Motors Corp., 209 F.3d 1051 (8th Cir. 2000) (*en banc*)).

Fidelity argues that it has an attorney-client relationship with SSB and thus is entitled to invoke the attorney-client privilege to prevent disclosure to Captiva. Captiva argues in response that it has an attorney-client relationship with SSB which entitles it to access to SSB's file. In actuality, both Fidelity and Captiva are clients of SSB. See In re Allstate Ins. Co., 722 S.W.2d 947, 952 (Mo. 1987) (finding "no reason why the same lawyer may not represent both" the insurer and the insured); Shapiro v. Allstate Ins. Co., 44 F.R.D. 429, 431 (E.D. Pa. 1968) (counsel represented both insurer and insured and insurer cannot require counsel to withhold information from insured).

Communications between attorney and client are generally protected from third parties. Fed.R.Evid. 501; § 491.060(3), Mo. Rev. Stat. A general exception to the privilege exists, however, when a lawyer represents two clients in a matter of common interest. The privilege cannot be claimed by one client with respect to communications between him and the attorney in a subsequent action between the two clients. F.P.

Woll & Co. v. Valiant Ins. Co., 2003 WL 23281280, at *3 (E.D. Pa. Feb. 12, 2003); Central Nat'l Ins. Co. of Omaha v. Medical Protective Co. of Fort Wayne, Ind., 107 F.R.D. 393, 394 (E.D. Mo. 1985); see also "The Privilege of Co-Clients," Restatement (Third) of Law Governing Lawyers § 75(2) ("Unless the co-clients have agreed otherwise, a [privileged] communication . . . is not privileged as between co-clients in a subsequent adverse proceeding between them."); Model Evid. Code § 211 (1942) ("When two or more persons acting together become clients of the same lawyer as to a matter of common interest, none of them has as against another of them any [attorney-client] privilege with respect to that matter." In the context of an attorney retained by an insurer to provide a defense for an insured, the privilege applies in an action brought by a third person; however, "it [does not] seem disputed that there is not privilege where the controversy is between the insured . . . and the company itself over the company's liability under the policy." Kenneth Broun, McCormick on Evidence § 91.1 (6th ed. 2006). See F.P. Woll, *supra*; Perez v. Sphere Drake Ins., Ltd., 2002 WL 31618812, at *3 (D. Virgin Islands Feb. 15, 2002) (rejecting attorney-client privilege and citing cases). Thus, Fidelity may not invoke the attorney-client privilege to require SSB to withhold information from Captiva.

With respect to the work-product privilege, an insurer may invoke it with respect to specific documents that were prepared by the common attorney in anticipation of the subsequent litigation between the insured and the insurer. F.P. Woll, 2003 WL 23281280, at *4. Fidelity is represented by other counsel in this declaratory judgment litigation and asserts that SSB's role is limited to defense of the mechanics' liens. Presumably, therefore, SSB's documents were all prepared for the underlying litigation. The Court is left to rely on guess-work because Fidelity has failed to produce a privilege

log allowing Captiva (or the Court) to assess a work-product claim. The Court finds that Fidelity has failed to meet its burden to establish that the work-product privilege applies.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of plaintiff Fidelity National Title Insurance Company to quash subpoena [Doc. #34] is **denied**.

**IT IS FURTHER ORDERED** that Sauerwein, Simon & Blanchard, P.C., shall produce all documents responsive to the defendant's subpoena within fifteen (15) days of the date of this Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2011.