IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Fidelity National Title Insurance Company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  10-CV-01890-CEJ |
| ) | |
| Captiva Lake Investments, LLC, ) | |
| ) | |
| Defendant. ) | |

## NON-PARTY LATHROP & GAGE LLP'S MOTION TO QUASH SUBPOENA OR FOR PROTECTIVE ORDER LIMITING SUBPOENA

COMES NOW non-party Lathrop & Gage LLP, by and through its attorneys, and pursuant to Fed.R.Civ.P. 45(c)(3) requests this Court for its Order quashing the Subpoena served on it by Plaintiff or limiting its terms by permitting certain dollar amounts to be redacted from the documents.  In support of its Motion, non-party Lathrop & Gage LLP states the following.

Lathrop & Gage LLP is not a party to the above-captioned suit.  Lathrop & Gage lawyers represented a client, National City Bank,  in connection with a transaction that has become the subject of, or related to a lawsuit.  Shawn T. Briner, an attorney for the Plaintiff, caused a subpoena to be served upon Lathrop & Gage seeking certain documents described in an attachment to the Subpoena.  The Subpoena and its attachment are attached as Exhibit A to this Motion.

The Subpoena seeks, *inter-alia*, documents maintained by Lathrop & Gage relative to the sale of a loan originally made by National City Bank to Majestic Pointe Development Company, LLC.  See Exhibit A, topic 1.

The Subpoena by its terms does not seek any privileged documents (each category 1-8 specifically **excludes** privileged documents from its scope); but, the documents

17478905v2

maintained by Lathrop & Gage contain information its client asserts are confidential and proprietary.  Lathrop & Gage has a duty to maintain its client's confidences.  Missouri Rule of Professional Conduct 4-1.6(a).

Among the documents that are subject to production pursuant to the subpoena are documents requiring Lathrop's client to maintain the confidentiality of the terms of the agreements.  Thus, in addition to its own interests in maintaining confidentiality, Lathrop's client has agreed to maintain the confidentiality of certain information within the documents that are being sought in the subpoena.

Additionally, courts generally look with disfavor on discovery directed to a non-party law firm, especially where the information is available elsewhere.  *See*, e.g., *Shelton v. American Motorists Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986); *EEOC v. HBE Corp.,* 157 F.R.D. 465, 466 (E.D. Mo. 1994).  Before seeking a counsel's files, a party is required to exhaust all alternative sources of information.  S*ee,* e.g., *Marco Island Partners v. Oak Development Corp.*, 117 F.R.D. 418, 419-20 (N.D. Ill. 1987); *Shelton*, 805 F.2d at 1327 (attorney depositions should not be allowed unless "no other means exist to obtain the information").

Notwithstanding the general rule that a law firm or a lawyer should not be subpoenaed except where it is the only option, Lathrop & Gage's client does not object to Lathrop & Gage producing the non-privileged documents in the possession of Lathrop & Gage provided it can redact certain financial/monetary terms identified in the documents.  Specifically, Lathrop & Gage, on behalf of its client seeks this Court's Order pursuant to Fed.R.Civ.P. 45(c)(3) that it not be required to reveal the dollar amounts disclosed in transactions memorialized in the documents sought by the subpoena.  The client's

confidential and proprietary business information, and its obligation to the other party to the agreement cannot be adequately protected if the dollar amounts identified in the transactions are not redacted.

WHEREFORE non-party Lathrop & Gage LLP respectfully moves this Court for its Order quashing the Subpoena or, in the alternative, its Order permitting Lathrop & Gage to redact from any document produced the dollar amounts of the transactions identified in the responsive documents.

Dated: October 3, 2011                              LATHROP & GAGE LLP


By:    *s/ Peter F. Daniel*
Peter F. Daniel (33798)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
P: 816.292.2000 | F: 816.292.2001
pdaniel@lathropgage.com

*Attorneys for non-party Lathrop & Gage LLP*

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2011, a true and correct copy of the above and foregoing was served, via electronic filing (CM/ECF), with an automatic copy being routed to the following:

Shawn T. Briner
Martin and Leigh, P.C.
7733 Forsyth Blvd., Ste. 1975
St. Louis, MO  63105
P: 314.862.5200 | F: 314.863.4600
stb@mllfpc.com

*Attorneys for Plaintiff*

Steven D. Hall
Lewis Rice
600 Washington, Ste. 2500
St. Louis, MO  63101
P: 314.444.1377 | F: 314.612.1377
shall@lewisrice.com

    And:

Richard A. Wunderlich
Lewis Rice
600 Washington, Ste. 2500
St. Louis, MO  63101
P: 314.444.7600 | F: 314.241.6056
raw@lewisrice.com

*Attorneys for Defendant*

           *s/ Peter F. Daniel*
           Peter F. Daniel
           *An Attorney for Non-Party Lathrop & Gage LLP*