UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:10-CV-1890 (CEJ) |
| CAPTIVA LAKE INVESTMENTS, LLC, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for judgment on the pleadings directed to Count III of the defendant's counterclaim. See Fed. R. Civ. P. 12(c). The issues are fully briefed.

### I. Background

The parties' dispute in this lawsuit concerns the availability of coverage under a policy of title insurance. Plaintiff is the successor by merger to Lawyers Title Insurance Company (Lawyers Title), the company that issued the policy. In its counterclaim, defendant asserts that the policy entitled it to indemnification against loss or damages arising from mechanics' liens that were filed against certain real property owned by defendant and that it was entitled to be provided a defense in connection with the mechanics' lien litigation. Defendant alleges that, in response to defendant's demand, Lawyers Title retained the law firm of Sauerwein, Simon, & Blanchard to represent defendant in the pending mechanics' lien litigation. Defendant alleges that Lawyers Title instructed the law firm to withhold documents and information from defendant, thereby interfering with the representation and with the attorney-client relationship between defendant and the law firm. Defendant seeks a

declaration of its rights under the policy (Count I) and damages for breach of contract based on the failure to defend and to indemnify (Counts II and IV) and for tortious interference (Count III).

II. Legal Standard

When considering a motion for judgment on the pleadings under Rule 12(c), Fed.R.Civ.P., a court must accept as true all factual allegations set out in the complaint and construe the complaint in the light most favorable to the plaintiff, drawing all inferences in her favor. Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law," the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6). Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (citing Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990)).

III. Discussion

Plaintiff asserts that the facts alleged in Count III of the counterclaim do not support a claim of tortious interference. Plaintiff made the same assertion in an earlier motion to dismiss for failure to state a claim. That motion was denied, as the Court found the allegations sufficient to establish a claim of tortious interference with a business expectancy.

The instant motion, however, differs from the earlier motion in two respects. First, plaintiff argues that defendant cannot recover in tort for plaintiff's failure to perform under the contract. This argument misses the point. The basis for the claim in Count III is that plaintiff knew of the attorney-client relationship between defendant and its attorneys and, without justification, interfered with that relationship. The

tortious interference claim is wholly distinguishable from the breach of contract claims asserted by defendant that are based on plaintiff's failure to provide indemnification and a defense as required by the policy.

Second, plaintiff argues that the business expectancy in Count III arises from the insurance policy and defendant cannot hold plaintiff liable for interfering with a contract to which they were both parties. Again, plaintiff misreads defendant's tortious interference claim. The basis for the claim in Count III is that plaintiff interfered with the attorney-client relationship between defendant and the law firm, not that plaintiff interfered with the contract between plaintiff and defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for partial judgment on the pleadings [Doc. # 64] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2012.