UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 4:10-CV-1890 (CEJ) |
| CAPTIVA LAKE INVESTMENTS, LLC, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Captiva Lake Investments, LLC, (Captiva) for sanctions. Plaintiff Fidelity National Title Insurance Company (Fidelity) has filed a response in opposition to the motion and the issues are fully briefed. Captiva asks the Court to strike Fidelity's pleading or, in the alternative, to permit a forensic computer expert to examine Fidelity's computer system. Fidelity seeks a hearing on the sanctions motion.

I.   **Background**

In May 2011, Captiva asked Fidelity to produce its claims file and documents related to evaluation of coverage under the policy at issue in this declaratory judgment action. Fidelity objected based on assertions of attorney-client privilege and work-product doctrine. At the same time, Fidelity produced a privilege log purporting to list all withheld materials. It was later determined that the log did not include two categories of information -- the Major Claims Reports and data maintained in Fidelity's Claims Processing System (the CPS). About a year after it served its discovery requests, Captiva found a reference to the CPS in a recently produced claims handling guide. Similarly, Captiva learned about the Major Claims Reports during a deposition

conducted on May 23, 2012. Instead of producing these newly uncovered documents, Fidelity included them in an updated privilege log.

Captiva filed a motion to compel and, on August 17, 2012, following an *in camera* review, the Court granted the motion. The Court determined that Fidelity had waived any claim to attorney-client privilege or work-product protection by failing to include the Major Claims Reports and the CPS in its privilege log and ordered Fidelity to produce this information. On September 4, 2012, Fidelity produced several documents to defendant. Captiva contends that the production was deficient in that several months of Major Claims Reports are missing. In addition, Fidelity produced only some of the data from the CPS.

In its motion, Captiva also asserts that Fidelity failed to produce (1) a coverage letter dated July 21, 2010; (2) an "LPS Final Report" dated March 16, 2010; (3) a "LDR" or "Loan Document Review" file; (4) a box of notebooks; (5) a "final report to Randall McHargue" dated March 16, 2010; and (6) 642 documents contained on a CD. The Court's August 17th order required Fidelity to produce Major Claims Reports and CPS data. To the extent that Captiva seeks sanctions for deficient production of other materials not addressed by that order, the motion is premature.

II.  Discussion

In order for the Court to impose sanctions under Rule 37, "there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." Chrysler Corp. v. Carey, 186 F.3d 1016, 1019 (8th Cir. 1999). The rule provides that a court may strike a party's pleadings or dismiss the action. Fed.R.Civ.P. 37(b)(2)(A). However, the court should resort to the sanction of dismissal only "when the failure to comply has been due to . . . willfulness, bad faith, or any fault of

petitioner." Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 718-19 (8th Cir. 2002) (citations omitted) (alteration in original).  Any sanction imposed must be just and relate to the claim at issue in the order to provide discovery.  Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (1992).

In response to the Court's order, Fidelity produced several Major Claims Reports to Captiva.  Missing from their production were reports from July, August, November and December 2010.  Captiva promptly asked whether reports existed for the missing months.  Fidelity conducted a further search of its records and located the reports for November and December 2010, which it produced on September 14, 2012.  Some excerpts of the reports for July and August 2010 were located and produced after Captiva filed the instant motion.

With respect to the CPS, Fidelity produced only partial data in response to the Court's order.  CPS is a computer-based application with multiple fields into which users input information on successive screens.  When the Court directed Fidelity to provide documents for *in camera* review, it provided screenshots of the various fields, stating that no hard copy of the data in the system existed.  There are several deficiencies in the screenshots -- often, information appearing at the bottom of a computer screen is below the margin of the printed page and thus not captured in the printing process.  In addition, screenshots only capture the data as it exists on the screen at that moment.  Thus, there is no information regarding who input the information or the date on which it was entered.  Screenshots also provide no information about the earlier contents of any particular field, as each new entry overwrites any existing entries.  As the Court noted, this is information that would presumably be available if the data were produced in an electronic format.  In response

to this observation, Fidelity purports to have transferred data for one of the two claims files into a spreadsheet, which is even less informative than the screenshots. When Captiva protested, Fidelity stated that it "was in contact with e-discovery specialists to figure out what else can be done with respect to the information in CPS." [Doc. #116-3].

The Court can say without hesitation that the proceedings in this case present an extremely unflattering picture of Fidelity's document and data management practices. And, the Court appreciates Captiva's frustration with the manner in which Fidelity has produced documents. Nonetheless, the record does not support a finding that Fidelity's conduct rises to the level of a willful violation of the order compelling production. Thus, Captiva's request for dismissal will be denied.

Captiva alternatively asks the Court to order a forensic examination of Fidelity's computer system. While this request has some appeal, the Court will deny it at this time. When Captiva filed the instant motion on September 17th, this matter was set for trial on October 22nd and Captiva was rightly concerned that time was running out. After the motion was briefed, the Court removed the matter from the October 22nd trial docket. A new trial date of June 17, 2013, has been established and thus the parties have some leeway to cooperate in the appropriate resolution of their discovery disputes in order to avoid further litigation on these issues. Of greater concern to the Court, however, is that the discovery fight kept the parties from filing summary judgment motions on a key legal question; namely, whether coverage exists under the insurance policy. The Court has now established a new summary judgment schedule and urges the parties to focus their attention on this issue. In the meantime, Fidelity is directed to continue searching its records for documents that are responsive to the

Court's order.  In addition, it should continue its consultation with e-discovery specialists to produce the CPS data in a useful format.  The Court will direct Fidelity to provide a status report on those efforts.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Captiva Lake Investments, LLC, for sanctions [Doc. #116] is **denied**.

**IT IS FURTHER ORDERED** that, no later than **December 3, 2012**, plaintiff Fidelity National Title Insurance Company shall file a status report addressing the progress of its consultation with e-discovery specialists.

**IT IS FURTHER ORDERED** that plaintiff's motion for hearing [Doc. #122] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2012.