# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, SUCCESSOR-BY-MERGER TO LAWYERS TITLE INSURANCE CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> CAPTIVA LAKE INVESTMENTS, L.L.C., <br><br> Defendant. | Case No. 4:10-cv-01890-CEJ |

## JOINT STIPULATION OF UNCONTESTED FACTS

COME NOW Plaintiff Fidelity National Title Insurance Company ("**Fidelity**") and Defendant Captiva Lake Investments, L.L.C. ("**Captiva**"), by and through their respective counsel and pursuant to the Court's Order Relating to Trial of March 13, 2015 (Dkt. No. 285), offer the following summary of this case and stipulate as follows:

### BRIEF SUMMARY OF CASE[1]

Fidelity filed a complaint seeking a declaratory judgment. Captiva filed counterclaims for a declaratory judgment, breach of the Policy, vexatious refusal to provide coverage and defense under the Policy, and tortious interference.

### EVIDENTIARY STIPULATIONS

The parties agree that the documents they have mutually produced (including those obtained via subpoena) are authentic and constitute records of regularly conducted activity under Federal Rule of Evidence 803(6) and are self-authenticating under Federal Rule of Evidence 902(11). The parties reserve all other objections to the admissibility of such documents.

---

[1] The above language is what appeared in the parties' joint stipulations that were submitted to the Court in 2012. The parties reserve their rights to supplement this summary based upon further developments in the case, including any direction provided by the Court at the pretrial conference that is set for June 30, 2015.

**S**TIPULATION OF **U**NCONTESTED **F**ACTS

1. Prior to September 1, 2009, the owner of the Property was Majestic Pointe Development Company, LLC ("**MPD**").

2. On March 13, 2006, MPD executed a promissory note to borrow $21,280,000.00 from National City Bank of the Midwest, which subsequently became known as National City Bank ("**NCB**"), to construct a condominium project, including a 12-story, 61-unit condominium building (the "**Property**" or "**Project**").

3. On or about March 15, 2006, MPD executed a deed of trust ("**Deed of Trust**") in favor of NCB in the amount of $21,280,000.00 that was recorded with the Recorder of Deeds for Camden County, Missouri.

4. On March 15, 2006, Lawyers Title Insurance Corporation ("**Lawyers Title**") issued a Loan Policy of Title Insurance (No. G52-0582755) ("**Policy**") to NCB that identified the Deed of Trust as the "insured mortgage" and the Property as the "land referred to in this policy".

5. LandChoice Co., LLC/Guaranty Land Title Insurance, Inc. was Lawyers Title's agent and was authorized by Lawyers Title to issue the Policy.

6. Lawyers Title was merged into Fidelity National Title Insurance Company on June 30, 2010.

7. On October 3, 2007, LandChoice and NCB amended the effective date of the Policy and increased the "loan insurance amount" from $21,280,000.00 to $22,380,000.00 via a modification endorsement ("**Modification Endorsement**") and an Amended Deed of Trust reflecting the new loan amount was recorded.

8. In 2008, mechanic's liens (referred to collectively as "**the Mechanic's Liens**") were filed against the Property.

9. On July 22, 2009, an "Assignment of Loan and Loan Documents" was executed by NCB and Captiva which expressly transferred to Captiva all of NCB's interests in the Project, including the Policy.

10. Captiva made a claim on the Policy on or about August 3, 2009 concerning the Mechanic's Liens and pending litigation ("**the Mechanic's Lien Litigation**").

11. By letter dated October 1, 2009, Fidelity agreed to provide a defense in the Mechanic's Lien Litigation subject to a reservation of rights.

12. In its October 1, 2009 letter, Fidelity notified Captiva that it had retained Sauerwein Simon & Blanchard, P.C. ("**SSB**") to defend Captiva's interests in the Mechanic's Lien Litigation.

13. On August 3, 2010, Captiva sent a letter to Fidelity making a claim for unmarketability of title..

14. On September 19, 2012, judgment was entered in favor of five Mechanic's Lien claimants ("**the Judgment**").

15. On November 8, 2012, an appeal of the Judgment was initiated.

16. On March 10, 2014, the Court of Appeals affirmed the Judgment, and the Missouri Supreme Court subsequently declined to review the Judgment.

17. Fidelity paid the Judgment, and satisfactions of judgment were filed between July 2, 2014 and July 23, 2014.

18. On May 19, 2015, Fidelity informed Captiva that it would not seek reimbursement from Captiva of the amounts Fidelity paid to satisfy the Judgment or the amounts Fidelity incurred in the adjudication of the Mechanic's Liens.

Respectfully submitted,

| **MARTIN, LEIGH, LAWS & FRITZLEN, P.C.** | **LEWIS, RICE & FINGERSH, L.C.** |
|---|---|
| _/s/ Shawn T. Briner_____ | __/s/ Steven D. Hall_____ |
| Thomas J. Fritzlen, Jr., #34653MO | Richard A. Wunderlich, #27979 |
| Shawn T. Briner, #47286MO | John M. Hessel, # 26408MO |
| 16305 Swingley Ridge Rd., Ste. 350 | Steven D. Hall, 56762MO |
| Chesterfield, MO 63017 | 600 Washington Ave., Suite 2500 |
| Telephone:    (636) 534-7600 | St. Louis, MO 63101 |
| Facsimile:    (636) 534-5520 | Telephone: 314-444-7600 |
| stb@mllfpc.com | Facsimile: 314-612-1308 |
| tjf@mllfpc.com | rwunderlich@lewisrice.com |
|  | jhessel@lewisrice.com |
|  | shall@lewisrice.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

The undersigned certifies that notice of the filing of the foregoing was served the 15th day of June, 2015 via the Court's ECF system upon all counsel of record.

_/s/ Shawn T. Briner_____