**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, SUCCESSOR BY-MERGER TO LAWYERS TITLE INSURANCE CORPORATION, | ) ) ) ) | |
| | ) | Case No. 4:10-CV-01890-CEJ |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CAPTIVA LAKE INVESTMENTS, L.L.C., | ) ) | |
| Defendant. | ) | |

## CAPTIVA'S PROPOSED JURY INSTRUCTIONS (AMENDED)

COMES NOW Defendant, Captiva Lake Investments, L.L.C. ("Captiva"), by and through its undersigned counsel, and pursuant to the Court's Order Relating to Trial of March 13, 2015 (Dkt. 285), submits the following proposed jury instructions (amended) in proving its case-in-chief and in defending against the claims brought against Captiva by Plaintiff Fidelity National Title Insurance Company, successor by merger to Lawyers Title Insurance Corporation ("Fidelity"). As of the date of this submission, the issues to be determined at trial are subject to change based on the resolution of motions currently pending and that will be filed before trial. As a result, Captiva reserves the right to supplement these instructions, to the extent permitted by the Court, to comport with the Court's resolution of matters affecting what evidence will be needed and the subject matter of any evidence submitted by Fidelity.

INSTRUCTION NO. ____


Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now.  Do not single out some instructions and ignore others, because they are all important.

You will have copies of the instructions I am about to give you now in the jury room.  This does not mean some instructions are more important than others.  Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

8th Cir. Model Instr. 3.1

INSTRUCTION NO. ___

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

8th Cir. Model Instr. 3.2

INSTRUCTION NO. ____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

8th Cir. Model Instr. 3.3

4

INSTRUCTION NO. ___

  You will have to decide whether certain facts have been proved by the greater weight of the evidence.  A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.

  You have probably heard the phrase "proof beyond a reasonable doubt."  That is a stricter standard than "more likely true than not true."  The "proof beyond a reasonable doubt" standard applies in criminal cases, but not in this civil case; so put it out of your mind.

8th Cir. Model Instr. 3.4

In these instructions, you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you.  The burden is upon Captiva to cause you to believe that the evidence has clearly and convincingly established the propositions of fact required for the recovery of punitive damages as submitted in Instruction Number ____.  However, on all other propositions of fact, the burden is upon the party who relies upon any such proposition to cause you to believe that such proposition is more likely to be true than not true.  In determining whether or not you believe any proposition, you must consider only the evidence and reasonable inferences derived from the evidence.  If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.

M.A.I. 3.01

INSTRUCTION NO. _____

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell the bailiff that you are ready to return to the courtroom.

8th Cir. Model Instr. 3.6

INSTRUCTION NO. ___

There are 3 claims submitted to you and each of them contains a separate verdict form. The verdict forms included in these instructions contain directions for completion and will allow you to return the permissible verdicts in this case.

M.A.I. 2.04 (modified)

INSTRUCTION NO. ____


If you should find that Fidelity willfully destroyed evidence in order to prevent its being presented in this trial, you may consider such destruction in determining what inferences to draw from the evidence or facts in this case. You may, but are not required to, assume that the contents of the evidence destroyed would have been adverse, or detrimental to Fidelity.

*Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 459 (8th Cir. 2013)

INSTRUCTION NO. ____

Captiva has filed two *types* of claims against Fidelity: one for breach of contract (which concerns two specified counts of breach of contract), and one for tortious interference (which concerns one specified count).  If you find for Captiva on both of these claims, you must apportion the damages attributable to each claim.  Do not simply duplicate your damage awards. You must treat each of Captiva's two claims separately not only as to the liability but to the damages.   If you find in favor of Captiva and against Fidelity on both claims, then you may only award the damages that are applicable to each particular claim.

*Berry v. Oswalt*, 143 F.3d 1127, 1130 (8th Cir. 1998) (jury must apportion damages); *Hammett v. Atcheson*, 438 S.W.3d 452, 464 (Mo. Ct. App. 2014); *Missouri Pub. Entity Risk Mgmt. Fund v. Am.* Cas. *Co. of Reading*, 399 S.W.3d 68, 81 (Mo. Ct. App. 2013) ("Issues surrounding damages, including apportionment thereof, are questions for a trier of fact in a proceeding below.").

PACKAGE # 1

INSTRUCTION NO. ___

General instructions 1 through ___ and instructions 1 through ___ apply to Captiva's claim for breach of the title insurance policy.  Use Verdict A to return your verdict on this claim.

M.A.I. 2.05

On Captiva's claim for breach of contract, your verdict must be for Captiva if you believe:

First, Fidelity failed to provide a proper defense for Captiva in the Mechanic Lien Litigation by specific conduct, including refusing to properly defend Captiva, or limiting the scope of the defense, or otherwise interfering with the defense, and

Second, because of such failure(s), Fidelity's obligations under the contract/Policy were not performed, and

Third, Captiva was thereby damaged.

Unless you believe Captiva is not entitled to recover by reason of Instruction Numbers ____.

M.A.I. 26.02 (modified)

If you find in favor of Captiva, then you must award Captiva such sum as you believe will fairly and justly compensate it for any damages you believe Captiva sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

M.A.I. 4.01

If you find in favor of Captiva on its claim for breach of the duty to defend, you must award all measurable compensatory damages flowing from that breach of contract. You may disregard any limitations upon damages set forth in the policy, as a title insurer who has materially breached its obligations may not require its insured to comply with other contract terms, such as policy loss limitations. In determining compensatory damages, you may consider evidence of all foreseeable damages resulting from Fidelity's breach of contract, including lost profits from lost sales due to a defect in title. In evaluating such lost profits, you may consider the highest and best use to which the property reasonably might have been applied or adapted. You may give such evidence the weight and credibility you believe are appropriate under the circumstances.

M.A.I. 9.01 (modified); *Columbia Cas. Co. v. HIAR Holding, L.L.C.*, 411 S.W.3d 258, 273 (Mo. 2013); *Spalding v. Stewart Title Guar. Co.*, __ S.W.3d __ (Mo. 2015); *see also Premier Tierra Holdings, Inc. v. Ticor Title Insurance Company of Florida, Inc.,* 2011 WL 2313206 (S.D. Tex. June 9, 2011); *Vincent Contestabile v. Attorney's Title Insurance Fund*, Inc., Case No. 48-2013-CA-003972-O, (Fla. 9th Cir. Ct. 2015); *First Am. Title Ins. Co. v. Columbia Harbison LLC*, No. 3:12-CV-00800-JFA, 2013 WL 1501702, at *5 (D.S.C. Apr. 11, 2013)

INSTRUCTION NO. ____

       If you find in favor of Captiva on its claim for breach of the title insurance policy, and if you believe that Fidelity delayed payment without reasonable cause or excuse, then, in addition to any amount you may award on the insurance policy under Instructions Nos._____, you may award Captiva an additional amount as a penalty not to exceed twenty percent of the first $1,500.00 of the award on the policy not including interest and ten percent of the remainder of such award and you may award Captiva a reasonable sum for attorney's fees.

M.A.I. 10.08 (modified); *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457-58 (Mo. 2006) (payment of uninsured motorist benefits after insured filed a lawsuit did not bar vexatious refusal claim); *Fohn v. Title Insur. Corp. of St. Louis*, 529 S.W.2d 1, 5-6 (Mo. 1975) (title insurance companies are subject to the same standards for vexatious refusal to pay as other insurance companies).

| Note: | Complete this form by writing in the name required by your verdict. |
|-------|---------------------------------------------------------------------|

On the claim of Captiva Lake Investments, LLC for insurance benefits, interest, penalties and attorneys' fees against Fidelity National Title Insurance Company relating to the ***claim for breach of the title insurance policy***, we, the undersigned jurors, find in favor of:

| _____ | | |
|-------------------------------|-----|------------------------------------------|
| Captiva Lake Investments, LLC | o r | Fidelity National Title Insurance Company |

| Note: | Complete the following paragraph only if your verdict is in favor of Captiva Lake Investments, LLC. |
|-------|------------------------------------------------------------------------------------------------------|

## <u>REMEMBER TO AWARD DAMAGES APPLICABLE TO THIS CLAIM ONLY</u>

We, the undersigned jurors, assess the damages of Captiva Lake Investments, LLC as follows:

For the breach $_____ *(stating the amount)*.

For interest $_____ *(stating the amount or, if none, write the word, "none")*.

For penalty $_____ *(stating the amount or, if none, write the word, "none")*.

Should attorney fees be awarded?: _____ Yes _____ No (*check only one*)

Note:  All jurors who agree to the above must legibly sign or print their names below.

_____       _____

_____       _____

_____       _____

PACKAGE # 2

INSTRUCTION NO. ___

       General instructions 1 through ___ and instructions 1 through ___ apply to Captiva's claim for breach of the title insurance policy.  Use Verdict B to return your verdict on this claim.

M.A.I. 2.05

INSTRUCTION NO. ____

On Captiva's claim for breach of contract, your verdict must be for Captiva if you believe:

First, Fidelity failed to indemnify Captiva for losses and damages incurred.

Second, because of such failure(s), Fidelity's obligations under the contract/Policy were not performed, and

Third, Captiva was thereby damaged.

Unless you believe Captiva is not entitled to recover by reason of Instruction Numbers ____.

M.A.I. 26.02 (modified)

INSTRUCTION NO. ___

      If you find in favor of Captiva, then you must award Captiva such sum as you believe will fairly and justly compensate it for any damages you believe Captiva sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

M.A.I. 4.01

INSTRUCTION NO. ____

If you find in favor of Captiva on its claim for breach of the duty to indemnify, you must award all measurable compensatory damages flowing from the breach of contract. You may disregard any limitations upon damages set forth in the policy, as a title insurer who has materially breached its obligations may not require its insured to comply with other contract terms, such as policy loss limitations. In determining compensatory damages, you may consider evidence of all foreseeable damages resulting from Fidelity's breach of contract, including lost profits from lost sales due to a defect in title. In evaluating such lost profits, you may consider the highest and best use to which the property reasonably might have been applied or adapted. You may give such evidence the weight and credibility you believe are appropriate under the circumstances.

M.A.I. 9.01 (modified); *Columbia Cas. Co. v. HIAR Holding, L.L.C.*, 411 S.W.3d 258, 273 (Mo. 2013); *Spalding v. Stewart Title Guar. Co.*, __ S.W.3d __ (Mo. 2015); *see also Premier Tierra Holdings, Inc. v. Ticor Title Insurance Company of Florida, Inc.,* 2011 WL 2313206 (S.D. Tex. June 9, 2011); *Vincent Contestabile v. Attorney's Title Insurance Fund*, Inc., Case No. 48-2013-CA-003972-O, (Fla. 9th Cir. Ct. 2015); *First Am. Title Ins. Co. v. Columbia Harbison LLC*, No. 3:12-CV-00800-JFA, 2013 WL 1501702, at *5 (D.S.C. Apr. 11, 2013)

INSTRUCTION NO. ___

If you find in favor of Captiva on its claim for breach of the title insurance policy, and if you believe that Fidelity delayed payment without reasonable cause or excuse, then, in addition to any amount you may award on the insurance policy under Instructions Nos._____, you may award Captiva an additional amount as a penalty not to exceed twenty percent of the first $1,500.00 of the award on the policy not including interest and ten percent of the remainder of such award and you may award Captiva a reasonable sum for attorney's fees.

M.A.I. 10.08 (modified); *Dhyne v. State Farm Fire & Cas. Co.*, 188 S.W.3d 454, 457-58 (Mo. 2006) (payment of uninsured motorist benefits after insured filed a lawsuit did not bar vexatious refusal claim); *Fohn v. Title Insur. Corp. of St. Louis*, 529 S.W.2d 1, 5-6 (Mo. 1975) (title insurance companies are subject to the same standards for vexatious refusal to pay as other insurance companies).

| Note: | Complete this form by writing in the name required by your verdict. |
|-------|---------------------------------------------------------------------|

On the claim of Captiva Lake Investments, LLC for insurance benefits, interest, penalties and attorneys' fees against Fidelity National Title Insurance Company relating to the ***claim for breach of the title insurance policy***, we, the undersigned jurors, find in favor of:

| | | |
|---|---|---|
| _____ | | |
| Captiva Lake Investments, LLC | o r | Fidelity National Title Insurance Company |

| Note: | Complete the following paragraph only if your verdict is in favor of Captiva Lake Investments, LLC. |
|-------|-----------------------------------------------------------------------------------------------------|

### <u>REMEMBER TO AWARD DAMAGES APPLICABLE TO THIS CLAIM ONLY</u>

We, the undersigned jurors, assess the damages of Captiva Lake Investments, LLC as follows:

For the breach $_____ *(stating the amount)*.

For interest $_____ *(stating the amount or, if none, write the word, "none")*.

For penalty $_____ *(stating the amount or, if none, write the word, "none")*.

Should attorney fees be awarded?: _____ Yes _____ No (check only one)

Note:   All jurors who agree to the above must legibly sign or print their names below.

_____          _____

_____          _____

_____          _____

PACKAGE # 3

INSTRUCTION NO. ___

      General instructions 1 through ___ and instructions ___ through ___ apply to Captiva's claim for compensatory and punitive damages relating to Fidelity's tortious interference with the fiduciary relationship between Captiva and the law firm of Sauerwein, Simon and Blanchard.  Use Verdict C to return your verdict on this claim.

M.A.I. 2.05

INSTRUCTION NO. ____

Your verdict must be for Captiva if you believe:

First, a fiduciary relationship existed between Captiva and the Sauerwein law firm, and

Second, Fidelity caused the Sauerwein law firm to breach its fiduciary duties owed to Captiva, and

Third, Fidelity did so intentionally and without justification or excuse, and

Fourth, Captiva was thereby damaged.

Unless you believe Captiva is not entitled to recover by reason of Instruction Numbers ____.

M.A.I. 23.11

INSTRUCTION NO. ___

       If you find in favor of Captiva, then you must award Captiva such sum as you believe will fairly and justly compensate Captiva for any damages you believe Captiva sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

M.A.I. 4.01

INSTRUCTION NO. ___

      If you find the issues in favor of Captiva, and if you believe the conduct of Fidelity was outrageous because of Fidelity's reckless indifference to the rights of others, then in addition to any damages to which you find Captiva entitled under Instruction Number ___, you may award Captiva an additional amount as punitive damages in such sum as you believe will serve to punish Fidelity and to deter Fidelity and others from like conduct.

M.A.I. 10.01 (modified)

| Note: | Complete this form by writing in the name required by your verdict. |
|-------|---------------------------------------------------------------------|

On the claim of Captiva Lake Investments, LLC against Fidelity National Title Insurance Company for compensatory and punitive damages relating to Fidelity's ***tortious interference with the fiduciary relationship between Captiva and Sauerwein, Simon & Blanchard***, we, the undersigned jurors, find in favor of:

| | | |
|---|---|---|
| _____ | | |
| Captiva Lake Investments, LLC | o r | Fidelity National Title Insurance Company |

| Note: | Complete the following paragraph only if your verdict is in favor of Captiva Lake Investments, LLC. |
|-------|----------------------------------------------------------------------------------------------------|

## <u>REMEMBER TO AWARD DAMAGES APPLICABLE TO THIS CLAIM ONLY</u>

We, the undersigned jurors, assess the damages of Captiva Lake Investments, LLC as follows:

For actual damages $_____ *(stating the amount)*.

For punitive damages $_____ *(stating the amount or, if none, write the word, "none")*.

Note:  All jurors who agree to the above must legibly sign or print their names below.

_____        _____

_____        _____

_____        _____

Respectfully submitted,

**LEWIS RICE LLC**

By:    <u>/s/ Steven D. Hall</u>
       Richard A. Wunderlich, #27979
       John M. Hessel, # 26408MO
       Steven D. Hall, #56762MO
       600 Washington Ave., Suite 2500
       St. Louis, MO  63101
       Telephone:  314-444-7600
       Facsimile:  314-612-1308
       rwunderlich@lewisrice.com
       jhessel@lewisrice.com
       shall@lewisrice.com

       *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and complete copy of the foregoing was served the 20th day of July, 2015 via the Court's ECF system upon all counsel of record.

/s/ Steven D. Hall