## INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important.

You will have copies of the instructions I am about to give you now in the jury room. This does not mean some instructions are more important than others. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

# INSTRUCTION NO. 2

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." The "proof beyond a reasonable doubt" standard applies in criminal cases, but not in this civil case; so put it out of your mind.

# INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

# INSTRUCTION NO. 4

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

# INSTRUCTION NO. 5

On Captiva's claim for breach of contract, your verdict must be for Captiva if you believe:

First, Fidelity had an obligation to indemnify Captiva for losses and damages resulting from unmarketability of title or lack of priority concerning the mechanics' liens;

Second, Fidelity did not fulfill that obligation; and

Third, Captiva was thereby damaged.

INSTRUCTION NO. 6

If you find in favor of Captiva on its claim of breach of contract, then you must award Captiva such sum as you believe will fairly and justly compensate it for any damages you believe Captiva sustained as a direct result of the occurrence mentioned in the evidence.

## INSTRUCTION NO. 7

If you find in favor of Captiva on its claim for breach of contract, then you must decide whether Fidelity delayed payment of Captiva's insurance claim without reasonable cause or excuse. You will record your decision on this question on the Special Interrogatory form.

# INSTRUCTION NO. 8

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Fifth*, the use of cell phones, laptops, tablets, and other electronic devices during deliberations is strictly prohibited. All such devices must be turned completely off. You may not make or receive phone calls, text messages, emails, or other electronic communications while you are deliberating. If you need to contact someone, please write the person's name and phone number and your message on a piece of paper and give it to the clerk or court security officer. The call will be made for you.

*Sixth*, you may discuss the case only in the jury deliberation room and only when all members of the jury are present. If a juror leaves the room, you must stop all discussion about the case and not continue until the juror returns.

*Finally,* a verdict form and special interrogatory forms have been prepared for your use. These forms represent your written decision in this case. You will take these forms to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the forms, sign and date them, and tell the clerk or court security officer that you are ready to return to the courtroom.