# INSTRUCTION NO. \_\_\_\_

If you find in favor of Captiva on its claim for breach of contract under Instruction No. \_\_\_\_, then you must award Captiva such sum as you may find from the evidence to be the lesser of:

1) the amount to restore title less any amount already paid by Fidelity; or

2) the difference between the fair market value of the property with the mechanics' liens in effect and the fair market value of the property without the mechanics' liens in effect less any amounts already paid by Fidelity.

The phrase "fair market value" as used in this instruction means the price that the property in question would bring when offered for sale by one willing but not obliged to sell it and when bought by one willing or desirous to purchase it but who is not compelled to do so.

*Refused. Carol E Jackson 7/23/15*

MAI 9.02 [2012 Revision] Damages – Part of Property Taken, modified; MAI 16.02 [2002 Revision] Fair Market Value
*Aboussie v. Chicago Title Insurance Company*, 949 S.W.2d 207 (Mo.App.E.D. 1997)
Submitted by Fidelity National Title Insurance Company, Successor-by-Merger to Lawyers Title Insurance Corporation

44



EXHIBIT A

# INSTRUCTION NO. _____

If you find in favor of Captiva on its claim for Breach of Contract – Failure to Defend under Instruction No. _____, you must find that Captiva failed to mitigate damages if you believe:

First, Captiva failed to take appropriate steps to prevent the property from deteriorating and,

Second, Captiva thereby failed to use ordinary care, and

Third, Captiva thereby sustained damage that would not have occurred otherwise.

The phrase "ordinary care" as used in these instructions means that degree of care that an ordinarily careful person would use under the same or similar circumstances.

*Refused.*
*Carol E Jackson*
*7/23/15*

MAI 32.29 [2002 New] Failure to Mitigate Damages; MAI 11.05 [1996 Revision] Ordinary Care
Submitted by Fidelity National Title Insurance Company, Successor-by-Merger to Lawyers Title Insurance Corporation



EXHIBIT B

## JURY INSTRUCTION NO. ___

The evidence of costs associated with the Majestic Pointe property, including insurance costs, expenses for dues, ongoing maintenance, Rod Spooner's salary, real estate taxes, and utilities, is withdrawn from the case and you are not to consider such evidence in arriving at your verdict.

*Refused.*
*Carol E Jackson*
*7/23/15*

MAI 34.02 [1978 Revision] Withdrawal Instructions – Issues and Evidence

32



## JURY INSTRUCTION NO. ___

The evidence of alleged lost opportunity damages, including an alleged decrease in the selling price of condominium units, is withdrawn from the case and you are not to consider such evidence in arriving at your verdict.

*Refused*
*Carol E Jackson*
*1/23/15*

MAI 34.02 [1978 Revision] Withdrawal Instructions – Issues and Evidence

31


EXHIBIT D

## JURY INSTRUCTION NO. ___

The evidence of alleged lost profits as a result of the MLake transaction is withdrawn from the case and you are not to consider such evidence in arriving at your verdict.

*Carol E. Jackson*
7/23/15

MAI 34.02 [1978 Revision] Withdrawal Instructions – Issues and Evidence



EXHIBIT E

# JURY INSTRUCTION NO. ___

The issue of breach of contract for failure to defend, including the issue of whether Fidelity met any obligation to defend with reasonable diligence, is withdrawn from the case and you are not to consider such issue in arriving at your verdict.

*Refused.*
*Carol E. Jackson*
*7/23/15*

MAI 34.02 [1978 Revision] Issues and Evidence

EXHIBIT F

# INSTRUCTION NO. \_\_\_\_

On Captiva's claim for Breach of Contract – Failure to Defend, your verdict must be for Fidelity if you believe that:

1) The mechanics' liens arose because of National City Bank's intentional misconduct, breach of duty, or inequitable dealings; or

2) That recovery for the mechanics' lien claims would amount to an unwarranted windfall because National City Bank, and therefore Captiva, received the benefit of the work reflected in the liens without disbursing payment; or

3) The mechanics' liens arose as the result of insufficient funds.

*Refused.*
*Carol E Jackson*
*7/23/15*

*Brown v. St. Paul Title Insurance Corp.*, 634 F.2d 1103 (8th Cir. 1980); *BB Syndication Services, Inc. v. First American Title Ins. Co.*, 780 F.3d 825 (7th Cir. 2015)
Submitted by Fidelity National Title Insurance Company, Successor-by-Merger to Lawyers Title Insurance Corporation


EXHIBIT 6