UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CAPTIVA LAKE INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10-CV-1890 (CEJ) |
| | ) | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's amended bill of costs pursuant to 28 U.S.C. § 1920. Defendant has filed objections.

### I. Background

On July 24, 2015, a jury unanimously found in favor of plaintiff Captiva Lake Investments, LLC, on its breach of contract claim against defendant Fidelity National Title Insurance Company. Captiva timely filed its bill of costs, seeking a total of $31,265.14. [Doc. #411]. On August 13, 2015, the Court ordered Captiva to submit an amended application for attorneys' fees that excluded hours expended on its tortious interference claim, which the Court had dismissed at the close of Captiva's case at trial. [Doc. #407]. Captiva amended its bill of costs to be consistent with its amended fee application. It now seeks $31,021.66 in costs taxable under § 1920.

### II. Legal Standard

Federal Rule of Civil Procedure 54(d) grants district courts "broad discretion" over the award of costs to prevailing parties. Little Rock Cardiology Clinic PA v.

Baptist Health, 591 F.3d 591, 601 (8th Cir. 2009). "These awards, however, must fit within 28 U.S.C. § 1920, which enumerates the costs that a district court may tax." Id. (citation omitted). The Court may tax costs for:

> (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts.

28 U.S.C. § 1920(1)-(6).

The presumption under Rule 54(d) is that the prevailing party is entitled to costs. Bathke v. Casey's Gen. Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts." Cowden v. BNSF Ry. Co., 991 F. Supp. 2d 1084, 1087 (E.D. Mo. 2014) (quoting Brisco–Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002)).

### III. Discussion

#### A. § 1920(1) — Fees for Service of Summons and Subpoena

Captiva seeks reimbursement of private process server fees for issuance of subpoenas and process server fees, under § 1920(1). The Eighth Circuit Court of Appeals has held, however, that § 1920 contains no provision for use of a private process server and only allows taxation of service fees by the United States Marshal. See Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985). This Court is, of course, bound to follow Eighth Circuit precedent. See PNC Bank, Nat. Ass'n v. El Tovar, Inc., No. 4:13-CV-1073 CAS, 2014 WL 1648747, at *9 (E.D. Mo. Apr. 23, 2014); Marez v. Saint–Gobain Containers, Inc., 2011 WL 1930706, at *15 (E.D.

2

Mo. May 18, 2011); Bunda v. Potter, 2006 WL 2665134, at **3-6 (N.D. Iowa Jan. 31, 2006) (discussing *Crues* in depth; concluding that "while other courts have permitted the recovery of special process fees, this court is compelled to follow Eighth Circuit precedent regardless of the equities at play in the facts of this case."). The Court will disallow costs in the amount of $839.80.

### B. § 1920 (2) — Costs for Transcripts

Captiva originally sought $23,749.75 for printed or electronically recorded deposition transcripts. Fidelity makes a general objection that Captiva did not properly remove all costs associated with its tortious interference claim without identifying specific items that should be disallowed. Captiva has removed the costs for the depositions and transcripts of Judge Ronnie White and Judge Glenn Norton, its expert witnesses on its tortious interference claim. The remaining deposition and transcripts are for witnesses whose testimony was relevant to Captiva's other claims and Captiva may properly seek these costs. Fidelity's objection is overruled and the amount of $22,623.03 will be taxed as costs.

### C. § 1920(3) — Fees for Witnesses

Captiva seeks $182.12 for attendance fees and mileage costs for 3 witnesses. Included in this amount is $14.14 for mileage for witness Mark Dickhute. Captiva neglected to include this cost in its initial, timely-filed bill of costs and thus has waived its right to claim it in an amended bill of costs. See E.D. Mo. L.R. 8.03 ("A party seeking an award of costs shall file a verified bill of costs . . . no later than twenty-one (21) days after entry of final judgment . . . Failure to file a bill of costs within the time provided may constitute a waiver of taxable costs."). Costs in the amount of $167.98 will be taxed.

### D. § 1920(4) — Exemplification and Copying Costs

Captiva seeks $7,376.71 for the costs of copies prepared for trial. Included in this amount is $869.10 that Captiva neglected to include in its original bill of costs. This amount will be disallowed.

Captiva seeks $5,920.00 for photocopies and creation of trial exhibits. Fidelity complains that Captiva's documentation is inadequate to identify which exhibits were copied and the purpose of these exhibits. An invoice attached to Captiva's amended bill of costs lists the exhibits in sufficient detail to identify them. Fidelity's objection is overruled. Fidelity does not make a specific objection to Captiva's request for $587.61 for trial exhibits and they will be allowed. Costs for exemplification and copying in the total amount of $6,507.61 will be taxed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's amended motion for bill of costs [Doc. #422] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs in favor of plaintiff and against defendant in the amount of $29,298.62.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2016.